ZIBBELL v. CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—NEGLIGENCE
—EVIDENCE.

In an action for injuries caused by a defective sidewalk, evidence of repairs to the walk subsequent to the accident is inadmissible as substantive evidence of negligence on the part of defendant.

2. SAME—WITNESSES—IMPEACHMENT.

A person injured by a defective sidewalk, who appears before the city council, and is examined orally in relation to the injury, her statements being reduced to writing, may be interrogated by the city, in an action against it for the injury, with reference to statements so made, without introducing the entire examination.

3. PERSONAL INJURIES—AGGRAVATION—DAMAGES.

Recovery cannot be had in a personal injury case for an aggravation of plaintiff's injuries, due to her failure to follow the instructions of her physician.

4. SAME—QUESTION FOR JURY.

Where, in a personal injury case, there was evidence that plaintiff's physician advised rest for the injured limb, and that plaintiff used the limb to a certain extent, it was error to instruct the jury that she did nothing to aggravate her condition, as the effect of the evidence was for the jury.

Error to superior court of Grand Rapids; Newnham, J. Submitted December 12, 1901. Decided March 18, 1902.

Case by Seddie Zibbell against the city of Grand Rapids for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Lant K. Salsbury*, for appellant.

*E. J. Adams* (*Kirk E. Wicks* and *C. P. Campbell*, of counsel), for appellee.

Montgomery, J. Plaintiff recovered a judgment of $3,500 for injuries received by a fall on a sidewalk alleged to have been defective. The testimony relative to the condition of the walk was in sharp conflict. It is conceded by defendant's counsel that there was a case for the jury to pass upon, but numerous errors are assigned upon rulings during the trial, which are claimed to have prejudiced the rights of the city. We shall not attempt to discuss all the questions presented, as we do not think the same questions are likely to arise on a new trial.

Evidence was received of repairs to the walk, made after the injury to plaintiff. We have repeatedly held that such testimony is not admissible as substantive testimony of the negligence of the city. *Fulton Iron Works* v. *Township of Kimball*, 52 Mich. 149 (17 N. W. 733); *Lombar* v. *Village of East Tawas*, 86 Mich. 14 (48 N. W. 947). It is contended that the testimony was introduced in this case, not for the purpose of showing negligence, but to account for the manner in which the defective plank came into the possession of plaintiff's witness. As the judgment must be reversed on other grounds, we need not determine whether the receipt of this testimony was prejudicial error, as its introduction on a new trial can be readily avoided.

The plaintiff appeared before a committee of the common council, and stated the circumstances of her injury, and her statement was taken down by a stenographer. On her cross-examination on the trial of the present case defendant's counsel asked her as to certain statements alleged to have been made by her on the occasion referred

to. The court ruled that these questions were improper, unless the entire transcript from the stenographer's minutes was introduced. This ruling was error. *Seligman* v. *Ten Eyck's Estate*, 53 Mich. 289 (18 N. W. 818); *Toohey* v. *Plummer*, 69 Mich. 345 (37 N. W. 297).

There was testimony that plaintiff, after receiving the injury, called a surgeon to treat her limb, and that he advised rest for the knee. There was also testimony that she did use her limb to some extent. The circuit judge charged:

"The plaintiff is not entitled to recover any damages for any disability, suffering, or expense that resulted from her own failure to exercise proper and reasonable care after she received the injury of which she complains, which aggravated her condition, by failure to observe the instructions of her physician; and the city is not to be held responsible for any damages resulting from such neglect on her part."

This instruction correctly embodied the law. *Moore* v. *City of Kalamazoo*, 109 Mich. 179 (66 N. W. 1089); *Reed* v. *City of Detroit*, 108 Mich. 224 (65 N. W. 967). But the difficulty arises out of the fact that, when counsel attempted to argue this question to the jury, he was stopped with the statement that the court would charge that there was no act of the plaintiff which aggravated her condition. This was error. The testimony was for the jury; and, while it may not have been very convincing that she had been guilty of any imprudence, it should not have been wholly withdrawn from the consideration of the jury.

The other questions do not require discussion.

Judgment reversed, and new trial ordered.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.