## WAGER *v.* LAMONT.

1. NEGLIGENCE—FIRE—SPARK ARRESTER—DECLARATION.

In an action for damages from fire claimed to have been caused by sparks from defendant's mill chimney, the declaration alleged that it was the duty of defendant to have used upon his smokestack a spark catcher which would have prevented the escape of sparks, yet, omitting his duty in that behalf, he negligently suffered the top of said chimney to remain open, without a suitable spark catcher thereon, and without using any adequate means to prevent the escape of sparks from the chimney. *Held,* that the averments of the declaration, when fairly construed, did not confine defendant's alleged negligence to a failure to equip his mill with a proper

spark arrester, but embraced as well an allegation of a failure to use the arrester by leaving it open.

2. SAME—EVIDENCE—QUESTION FOR JURY.
    There was evidence from which the escape of sparks on the morning of the accident might be inferred, and this made a question for the jury.

3. SAME—SUBSEQUENT CHANGE IN APPLIANCE.
    Evidence of a change in the spark arrester subsequent to the fire was not admissible as tending to show a prior defective condition.

Error to Bay; Shepard, J. Submitted November 20, 1903. (Docket No. 152.) Decided January 26, 1904.

Case by Lizzie Wager against Matthew Lamont for damages caused by fire escaping from defendant's smokestack. From a judgment for plaintiff, defendant brings error. Reversed.

*Pierce & Kinnane*, for appellant.

*Henry C. Haller*, for appellee.

HOOKER, J. The defendant is the owner of a steam sawmill, near which was the house occupied by the plaintiff for a boarding house. She brought this action to recover damages sustained to her household furniture from fire, it being her claim that the building occupied by her was set on fire by sparks from the defendant's mill chimney. The negligence relied upon is defendant's alleged failure to *use* a proper spark arrester at the time of the fire. The plaintiff furnished a bill of particulars of the items injured, though it is claimed that she made no proof as to what articles were injured. Defendant brings error upon a judgment for plaintiff of $100.

It is claimed that the court erred in refusing to direct a verdict for the defendant. This claim is based on two grounds: (*a*) That the negligence alleged in the declaration is confined to a failure to equip the smokestack with a reasonably safe spark arrester, and that it was clearly dis-

proved; and (*b*) a total absence of proof that any live sparks were emitted from the stack on the morning in question.

It is said that the declaration was filed in justice's court, and is entitled to lenient criticism upon that account; but, aside from this, we are of the opinion that, fairly construed, it does not confine defendant's alleged negligence to a failure to equip his mill with a proper arrester. The declaration alleges:

"That it was the duty of the defendant to have *used* upon said smokestack a spark catcher which would have prevented escape of such sparks, or in some other way have prevented their escape, so that the fire would not be thereby communicated to the property of the plaintiff; yet the defendant, well knowing the premises, and that the sparks of fire had been repeatedly thrown from said mill upon the property of the plaintiff, and that the building which she occupied, as well, to wit, other buildings in the immediate vicinity of said mill, had been repeatedly set on fire by such sparks, omitted to do his duty in that behalf, and negligently suffered the top of the chimney of his said mill to remain open, without a suitable spark catcher thereon, and without using any adequate means to prevent the escape of sparks from the chimney."

This is an allegation of a failure to use, by leaving open, the spark arrester.

It is sufficient to say of the second ground that there was testimony from which the escape of sparks in the morning in question might be inferred, and this made it a question for the jury.

It is unnecessary to discuss the second and third assignments of error, the same being sufficiently covered by what has been said.

The counsel for the defendant called two witnesses whom he had sent to examine the smokestack a short time after the fire. They testified that they found the spark arrester in perfect order, and made no repairs, but that, at their suggestion, they made a change, whereby it became unnecessary to raise the cap to shake down the soot and clean

the stack, adopting a chain for the latter purpose. An exception was taken to the argument of plaintiff's counsel that the fact that defendant subsequently made changes in the spark arrester was evidence that it was unsafe, and error is also assigned to the charge of the court upon this subject. The charge upon this subject was as follows:

"In this case it is claimed on the part of the plaintiff two things: *First*, that his appliances were not complete and perfect; and that they claim to have proved from the testimony of the witnesses, because, after the fire, in the same month, the defendant employed a smokestack man, who was skilled in the work of putting in and repairing, to go up and see if his arrester was in proper shape, and to do what was necessary to put it in proper condition. And it is claimed on the part of the plaintiff that he stopped the rule that had been existing, of letting that cap be raised or lifted, and fastened it down with wire,—wired it in its place,—and used some patches to put over the opening where it opened or raised up and down, and fastened it up, so as to preclude any sparks whatever going through there, and adopted a new device to shake off the cinders and sparks which accumulated on the under side, by a chain, which would be rattled against the sides and jar them loose, and that thereafter the spark arrester was not allowed to be raised at all."

The record does not contain the language, but it is fairly inferable that counsel made the argument excepted to, and jurors would be likely to infer from the failure of the court to check it when objected to, and the language quoted from the charge, that it was proper evidence of a defective condition, to be considered by them. It is settled otherwise by many cases. *Lombar* v. *Village of East Tawas*, 86 Mich. 19 (48 N. W. 947); *Fuller* v. *Mayor, etc., of Jackson*, 92 Mich. 203 (52 N. W. 1075); *Langworthy* v. *Township of Green*, 88 Mich. 217 (50 N. W. 130); *Zibbell* v. *City of Grand Rapids*, 129 Mich. 660 (89 N. W. 563); *Columbia, etc., R. Co.* v. *Hawthorne*, 144 U. S. 206 (12 Sup. Ct. 591). In the latter case many cases are cited, and it is shown that the weight of authority is against the practice of admitting such testimony.

It is only necessary to add that the question of damages was for the jury, under the testimony.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.