ZEBELL *v.* KRALL.

1. AUTOMOBILES — OVERTAKEN VEHICLE — LEFT TURN — SPEED — EVIDENCE.
    Issue of defendant's negligence *held,* properly submitted to jury in action by overtaking motorist against overtaken motorist who was making left turn into private driveway at time collision occurred, where testimony was in conflict as to whether defendant had given a signal that he was to turn and also in conflict as to speed of plaintiff.

2. SAME—VERDICT—OVERTAKEN MOTORIST—EVIDENCE.
    Jury's verdict for defendant left-turning overtaken motorist in action brought by overtaking motorist *held,* not against the great weight of the evidence, where evidence as to plaintiff's speed and signals by defendant was in conflict.

3. SAME—LEFT TURN—REQUEST TO CHARGE—SIGNAL.
    It was not error for the trial court to decline to give a request to charge that overtaken defendant was guilty of negligence as a matter of law in making a left turn in front of plaintiff overtaking motorist, where evidence presented shows defendant had given a signal that he was about to turn.

4. SAME—DRIVING UNDER INFLUENCE OF INTOXICATING LIQUOR—INSTRUCTIONS.
    Court's statement that there was testimony that the odor of alcohol was smelled on plaintiff's breath 2–1/2 hours after

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5A Am Jur, Automobiles and Highway Traffic §§ 353, 354, 387–391, 1028, 1098.
    Liability for accident arising from failure of motorist to give signal for left turn at intersection as against motor vehicle proceeding in same direction. 39 ALR2d 15.
[3] 5A Am Jur, Automobiles and Highway Traffic §§ 390, 391.
[4] 53 Am Jur, Trial § 76 *et seq.*
[5] 5A Am Jur, Automobiles and Highway Traffic §§ 290–292, 1098.
[7] 53 Am Jur, Trial §§ 832, 833.
[8] 3 Am Jur, Appeal and Error § 1097; 53 Am Jur, Trial § 842.

the accident rather than 2 hours, as the testimony showed, *held,* not reversible error, where jury was instructed that the evidence would have to be such as to show plaintiff had consumed so much intoxicating liquor that his driving was impaired (PA 1949, No 300, § 625).

5. SAME—ASSURED CLEAR DISTANCE AHEAD—REQUEST TO CHARGE— INSTRUCTIONS—EVIDENCE.

Failure to give request to charge that the assured-clear-distance rule applies only to vehicles on the same side of the highway and traveling in the same direction and not when one vehicle was attempting to pass another *held,* not error, where trial court directed jury's attention to the conflict in evidence concerning the location of the 2 cars prior to the accident and gave a proper instruction as to the assured clear distance (PA 1949, No 300, § 627).

6. SAME—OVERTAKEN VEHICLES—RECKLESS DRIVING—INSTRUCTIONS.

Testimony introduced in action by overtaking motorist against left-turning overtaken motorist *held,* to have justified instruction given as to reckless driving by either party.

7. SAME—OVERTAKEN VEHICLE—WARNING—INSTRUCTIONS—REQUEST TO CHARGE.

Complaint as to instruction given with regard to signal made by plaintiff as he overtook and sought to pass defendant *held,* without merit, where instruction given was substantially the same as plaintiff offered the trial court.

8. APPEAL AND ERROR—INSTRUCTIONS CONSIDERED IN ENTIRETY.

A charge to the jury is considered in its entirety when reviewed by the Supreme Court, and the jury's findings are not disturbed when questions involved have been fairly presented to jury for its determination.

Appeal from Berrien; Robinson (Thomas N.), J. Submitted April 5, 1957. (Docket No. 16, Calendar No. 46,869.) Decided June 3, 1957.

Case by Wilbur C. Zebell against Kathryn F. Krall and Howard Krall for personal injuries arising from automobile collision. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Mitts, Smith & Haughey* (*C. A. Mitts,* of counsel), for plaintiff.

*Hammond & Insley* (*J. T. Hammond,* of counsel), for defendants.

KELLY, J. Plaintiff appeals from judgment of no cause for action entered after a jury verdict for defendants. Plaintiff contends that the trial court erred in refusing to grant his motion for a new trial because the court erred in instructing the jury and because the verdict was contrary to the great weight of the evidence.

Plaintiff was injured June 16, 1954, about 6 p.m., when his car collided with the Krall car as defendant Howard Krall was making a left-hand turn to enter a driveway.

Plaintiff, a married man, 44 years of age, resided in Millburg, and was engaged in the business of producing and manufacturing concrete blocks. On the day of the accident he left his place of business about 5:15 in the afternoon with the intention of driving 6 miles east of Millburg to make a collection from a man who owed him money. He first stopped at a tavern in Millburg to meet a friend and, he testified, he had 1 drink consisting of about 3/4 of an ounce of whiskey and a glass of beer. As he left Millburg he proceeded east on Territorial road, which is a black-top road 18 to 20 feet in width. It had rained shortly before the accident occurred and the pavement was wet, old and rough. Plaintiff testified that he first observed defendant's car as plaintiff came up over a low spot in the highway about 1,200 to 1,500 feet west of the store and that defendant was pulling onto the highway from the store's driveway; that from then on up to the time of collision defendant's car remained within his vision; that he was driving 45 to 50 miles per hour; that defend-

ant was proceeding in the same easterly direction as he was, at, he would judge, 10 to 15 miles per hour; that defendant was driving on the right shoulder with the left wheels of his car on the pavement; that about 270 feet east of where defendant came from the store driveway the collision took place; that as he approached defendant's car he pulled over to the left and checked for oncoming traffic and as nothing was coming he signaled defendant with his horn "for a pass and continued to try to make that pass;" that he turned completely over to the northerly half of the highway approximately at the same time he gave his signal; that as he was about to pass, defendant's car pulled to the left and that when defendant's car turned left to go across the highway the front end of his car was approximately even with the rear end of defendant's car; that a narrow shoulder, a high-line post, and a tree prevented him from turning further to his left; that the right-hand side of his car struck defendant on the left side, and that:

"After the Krall car started to turn left there was so little time elapsed up to the impact that there was no time to apply brakes. I did not actually get my brakes on. I remember nothing after the impact except short periods of time in the hospital until approximately 3 weeks later."

Plaintiff's only other witness to the collision testified that as plaintiff passed the store (where plaintiff first saw defendant), he was traveling 45 to 50 miles per hour; that he did not know whether defendant's flasher signal was on or not, nor could he recall as to whether he heard a horn blow just before the accident.

Defendant, a 37-year-old married man, was engaged in farming at Bainbridge Center. He testified that he stopped at the store because of a heavy rain and remained there for 15 or 20 minutes; that

he then went out to his car, which was parked in
front of the store facing in a westerly direction, and
made a U-turn so he could proceed eastward to his
parents' home; that after he traveled about 300 feet
east he gave the signal that he was turning left into
his parents' driveway, at which time he was approxi-
mately 100 feet from the driveway; that at this time
he also looked through his rear view mirror and saw
a vehicle on the left-hand or north side of the road,
which would normally be the westbound lane, and
that said vehicle was beyond the crest of the hill;
that after making the observation he proceeded east-
ward about 50 feet and had almost completed all of
his turn when plaintiff's car, traveling at a high rate
of speed, struck the left-rear fender and wheel of his
car; that the impact pushed his car eastward and
into the ditch on the north side of the road; that
after striking his car plaintiff continued on for 75
feet and struck a 20-year-old apple tree, with a trunk
diameter of about 14 inches, and that "the tree was
pushed over completely on its side. The roots on
the side facing the direction which the car hit it, the
direction it had hit, were pulled from the ground."

Plaintiff testified that he did not remember pass-
ing any automobile, but a witness called by defend-
ant testified that plaintiff passed him shortly before
the accident and that plaintiff was traveling "at
least 60, if not more."

The evidence in this case justified the court sub-
mitting the question to the jury and the jury's ver-
dict was not contrary to the great weight of the evi-
dence.

At the conclusion of the court's instruction to the
jury the court asked the attorneys the following
question and received the following answers:

"Is there anything further, gentlemen?
"*Mr. Mitts:* Nothing further.
"*Mr. Hammond:* No, sir."

Plaintiff requested 21 instructions, only 3 of which were refused. These 3 instructions dealt with (1) the question of assured clear distance ahead, (2) evidence in regard to plaintiff's drinking, and (3) the question as to whether defendant was not guilty of negligence as a matter of law.

The court did not err in not instructing the jury that defendant was guilty of negligence as a matter of law, as is disclosed by the facts above set forth in this opinion.

Defendant testified that there was "a considerable taint of alcohol" on plaintiff's breath at the scene of the accident; the deputy sheriff testified that he visited plaintiff at the hospital 2 hours after the accident and he could detect that "the gentleman had been drinking" and that he noticed an alcoholic odor, but "wouldn't say it was strong or weak, about half way in between."

Plaintiff's following request to charge was not given by the court:

"Suggestion has been made in this case that the plaintiff may have had a smell of liquor on his breath at the time of this accident. I charge you that this in and of itself has no bearing upon the accident and should be disregarded."

The court called to the jury's attention the Michigan vehicle code making it unlawful to drive while under the influence of intoxicating liquor,* and then reviewed the evidence as he remembered it in regard to plaintiff's drinking.

Plaintiff is correct when he states that the court's statement was incorrect that there was "testimony

_____
_* See PA 1949, No 300, § 625 (CLS 1954, § 257.625, Stat Ann 1952 Rev § 9.2325).—REPORTER.

concerning a claimed strong odor of alcohol" on plaintiff's breath and that the odor of alcohol was smelled on plaintiff's breath "2–1/2 hours" after the accident, rather than correctly stating that it was 2 hours. The court properly cautioned the jury that the evidence in regard to plaintiff's drinking would have to be such as to show that plaintiff was under the influence of liquor to the extent that it impaired his driving.

In *Shannon* v. *Township of Jamestown,* 251 Mich 597, plaintiff denied that he and his driver had been drinking and defendant introduced evidence tending to show the smell of liquor on their breath after the accident. The Court stated (p 601):

"There was testimony tending to show the driver of the car was driving rapidly over fresh gravel on a comparatively narrow country road, and evidence tending to show the odor of intoxicating liquor on her breath immediately after the accident. We cannot say there was no testimony tending to show the use of intoxicating liquors by plaintiff and the driver of the car. The extent to which the use of intoxicating liquors, if found by the jury to have been indulged in, contributed to the accident, if at all, was for the jury."

The court properly instructed the jury in regard to the question as to whether there was evidence that plaintiff was driving while under the influence of liquor. The errors of fact, above referred to, in regard to the evidence do not constitute reversible error.

With regard to the assured clear distance ahead,* plaintiff offered the following request which was not given by the court:

"I charge you, ladies and gentlemen of the jury, that the plaintiff was not required to drive his ve-

---

* See PA 1949, No 300, § 627 (CLS 1954, § 257.627, Stat Ann 1952 Rev § 9.2327).—Reporter.

hicle at such a rate of speed as he would be able to bring it to a stop within the assured clear distance ahead. The assured-clear-distance-ahead rule applies only to vehicles proceeding in the same direction and on the same side of the highway and not when one vehicle is attempting to pass another upon the highway."

The court reviewed plaintiff's contention that the defendant suddenly turned in front of him without giving a signal, and instructed the jury that if they believed plaintiff's testimony in this regard the principle of assured clear distance ahead would not apply. The court also reviewed the conflict in evidence between plaintiff and defendant.

We cannot agree with plaintiff that there was not a wide discrepancy in the testimony in regard to the position of the cars and the speed of plaintiff's car prior to the accident, nor that the court erred in instructing the jury in regard to the assured clear distance.

The court properly instructed the jury in regard to reckless driving by either the plaintiff or the defendant, but the plaintiff complains that the court should not have so instructed because this question was never at issue. We believe testimony was introduced that made this a proper charge.

Plaintiff's complaint about the court's instruction with regard to plaintiff blowing his horn before passing defendant as a warning is without merit, as said instruction was substantially the same as plaintiff offered the court.

We have carefully reviewed all of plaintiff's claimed errors in the instructions, and we can see no merit to other claimed errors not specifically referred to in this opinion. We have repeatedly held that the charge to the jury should be considered in its entirety when reviewed by the Supreme Court, and we find that the trial court in its instructions

fairly presented the questions involved herein to the jury for their determination.

Judgment affirmed.   Costs to appellees.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, CARR, and BLACK, JJ., concurred.