MANDJIAK v. MEIJER'S SUPER MARKETS, INC.

1. Negligence—Contributory Negligence—Storekeepers—Steps
   —Great Weight of Evidence.
   Trial court's denial of new trial in action by customer for injuries sustained in fall down storekeeper's wet and slippery indoor steps in January, sought on ground verdict for defendant was against the great weight of the evidence, *held*, proper, under conflicting evidence presented on issues of negligence and contributory negligence.

2. Evidence—Hearsay.
   Trial court did not commit error in not permitting plaintiff to testify as to what 2 persons had said to him after the accident in which he was injured, a fall down the indoor, slippery steps of defendant's store in January, especially where they were called as witnesses and did testify on behalf of plaintiff.

3. Same—Storekeeper's Steps—Change of Condition—Pictures.
   It was not error for trial court to exclude pictures taken of defendant storekeeper's indoor stairs upon which plaintiff customer had fallen and injured himself in January, where pictures had been taken after a later addition of nonskid stripping.

4. Jury—Impeachment of Verdict—Affidavit.
   Affidavits of jurors regarding their own misconduct are not admissible for the purpose of impeaching their verdict.

---

References for Points in Headnotes

[1] 39 Am Jur, New Trial § 134.
Liability of proprietor of store, office, or similar business premises for injury from fall on steps made slippery by tracked-in or spilled water, oil, mud, snow and the like. 62 ALR2d 131.
[2] 20 Am Jur, Evidence §§ 452, 453, 662 *et seq.*
[3] 20 Am Jur, Evidence § 731.
Admissibility in evidence of enlarged photographs or photostatic copies. 72 ALR2d 308.
[4] 53 Am Jur, Trial § 1105.
[5] 53 Am Jur, Trial § 1119.
Right of jurors to sustain their verdict by affidavits or testimony to effect that they were not influenced by improper matters which came before them. 93 ALR 1449.
[6, 7] 3 Am Jur, Appeal and Error §§ 773, 837.

5. New Trial—Misconduct of Juror.

> New trial of action by customer against storekeeper for injuries sustained by fall down indoor, slippery steps in January, sought on ground of alleged misconduct of juror in going elsewhere to view another stairway, *held*, properly denied, where allegations of misconduct by the juror, contained in affidavit of plaintiff's counsel, were categorically denied by the juror in his affidavit.

6. Appeal and Error—Instructions—Appendix—Court Rules.

> An appellant is in no position to claim error in the charge to the jury, where his appendix on appeal does not set forth the entire charge to the jury, but only isolated excerpts thereof, in view of court rule requirement that all of the court's charge to the jury be set forth in his appendix (Court Rule No 67, § 6 [1945]).

7. Negligence—Storekeeper's Steps—Instructions.

> Instructions to jury, examined from entire charge as set forth in appellee's appendix, *held*, to have fairly presented to jury questions involved in action by customer for injuries sustained in fall down defendant storekeeper's slippery, indoor steps in January.

Appeal from Superior Court of Grand Rapids; Vander Ploeg (Claude), J. Submitted June 7, 1961. (Docket No. 18, Calendar No. 48,836.) Decided September 23, 1961.

Case by Frank Mandjiak against Meijer's Super Markets, Inc., a Michigan corporation, for personal injuries sustained in fall on store stairs. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Benjamin Baum,* for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant.

Talbot Smith, J. In January of 1957, plaintiff entered defendant's store in Grand Rapids for the purpose of making some purchases. The weather conditions were not unusual for the time of year. It had

snowed but there had been a thaw and it was wet outside, and, to a degree, inside. Snow had been tracked in and there was moisture on the floor, specifically on the stairs to the basement.

After plaintiff had finished making his purchases he went downstairs for a cup of coffee. The stairs, as we noted, were wet, and he slipped and fell, injuring himself. He brought suit against the store on a theory of its negligence. The case was tried to a jury, the resulting verdict being of no cause for action.

Before us plaintiff argues that the verdict was against the great weight of the evidence, that errors were made in the rejection of evidence, and that parts of the charge were in error (although, as appellee points out, appellant, contrary to Court Rule No 67, § 6 [1945],* does not set forth the charge in its entirety so that we may judge it as a whole rather than in bits and snatches). Finally, plaintiff says that it is at least arguable he really lost his case because of the misconduct of a juror.

First, as to the weight of the evidence. Plaintiff's case was carefully prepared. Several witnesses testified that the stairs were, in fact, wet and, as a consequence, that they were slippery, and we have no doubt that, to some degree, they were. On such a day it would be remarkable indeed if they did not carry some residue of moisture. But, on the other hand, there was testimony that others navigated the stairs in safety, and, in fact, that immediately preceding plaintiff's descent another customer had carried a little boy down the stairs without mishap. Upon these facts a jury question was presented, with respect to which we are in agreement with the trial court in his ruling upon plaintiff's motion for new trial:

---

* Section 6 was added October 30, 1956 and amended April 15, 1959. See 347 Mich xxii and 355 Mich xiv.—Reporter.

"The court is not the trier of the facts, and the findings of the facts involved in this litigation was for the determination of the jury hearing the testimony and evidence. While it is conceivable that the court might have reached a different conclusion if it had been trier of the facts, we cannot say as a matter of law that the verdict of the jury was contrary to the great weight of the evidence. Our competency to determine the facts over against the experience and judgment of 12 persons of the community can hardly be questioned. The jury hearing this case sifted and weighed the testimony and determined therefrom whether under the determined facts a dangerous condition existed; whether defendant failed to use the reasonable care of a prudent storekeeper, and whether the plaintiff acted as a reasonably prudent person. The jury made a determination of all of the facts in accordance with the court's instructions. On the basis of the testimony offered the court finds that the verdict was not against the great weight of the evidence, and from an examination of the available records the court finds that said verdict is not contrary to law."

The plaintiff also complains that he was not permitted to testify as to what Juanita O'Patik and Mary Wallace had said to him after the accident. Since, however, both these persons were called as witnesses and did testify on behalf of plaintiff, it is not clear what harm resulted to plaintiff through the court's refusal to permit their testimony to come from his mouth rather than their own. Nor was there error in excluding pictures taken of the stairs after the later addition of nonskid stripping. *Zibbell v. City of Grand Rapids,* 129 Mich 659; *Wager v. Lamont,* 135 Mich 521. See, also, McCormick, Evidence (1954), § 252.

Finally, appellant urges that the court erred in not granting a new trial because of the asserted misconduct of a juror during the trial. The affidavit

of plaintiff's attorney detailing this alleged misconduct is based upon a conversation he overheard between his client and the foreman of the jury subsequent to the rendition of the verdict. Counsel sets forth that he overheard the foreman of the jury state that "he had gone by himself, without any of the other members of the jury, to Sears, Roebuck & Company * * * and had observed the stairway leading from the first floor to the basement, that he had especially noticed that there was no nonskid stripping." Counsel further alleges that this information improperly influenced the foreman in arriving at his verdict and, through him, the other jurors, and that this action "in going to gather evidence at another location" was improper and prejudicial.

The foreman, on the other hand, says he did not go to Sears, Roebuck to gather evidence, but to price a baby mattress and buy some sandpaper, and that when he returned to court, "and while taking off his coat and rubbers he happened to mention offhand to 1 or 2 of the jurors standing there that he had been to Sears, Roebuck and that the steps didn't look unduly wet; that no other mention was ever made of that fact again." His affidavit states that he "does not know what a nonskid step looks like" and did not make the observation regarding nonskid stripping attributed to him by counsel for the plaintiff. He categorically denies that his view of the Sears, Roebuck stairway affected his deliberations or that it was referred to in any manner whatsoever while the jury was reaching its verdict.

It is well established that the affidavits of jurors regarding their own misconduct are not admissible for the purpose of impeaching their verdict. *In re Merriman's Appeal*, 108 Mich 454; *People* v. *Nick*, 360 Mich 219. This conclusion would appear to apply *a fortiori* where the information concerning the juror's alleged misconduct is contained in an

unsupported affidavit of the losing party or his attorney and the allegations of misconduct, such as they are, are categorically denied in an answering affidavit of a juror. The ground asserted was properly disposed of by the trial judge in the following language:

"The plaintiff also claims that subsequent to the rendering of the verdict the plaintiff discovered that 1 of the jurors went by himself to view another stairway during the trial of the case and used his own observations as a basis for influencing his decision in this case. This is set forth in an affidavit signed by the attorney for the plaintiff and attached to his motion for a new trial.

"The attorney for the defendant obtained an affidavit from the juror mentioned in the plaintiff's affidavit in which affidavit the juror disagrees violently with the statements made in the affidavit of the attorney for the plaintiff, and further states that at the conclusion of the case, the plaintiff, immediately came up to him outside of the courtroom and became angry with said juror and that it was necessary for the foreman of the jury to tell the plaintiff, 'Mr. Mandjiak, if you want to get tough, I can too.'

"It goes without saying that no juror should be intimidated by any litigant, and it was regrettable that plaintiff felt inclined to wait outside the jury room in order to put the foreman of the jury through a questioning period. By his affidavit the attorney for plaintiff seeks to impeach the verdict of the jury by the alleged statements of a juror affecting the deliberations and verdict of the jury. The verdict of the jury cannot be impeached by the statements of 1 of the jurors and this is especially true when we consider the contents of the affidavit filed by the attorney for plaintiff in this case."

As to errors allegedly made in the charge to the jury, appellant is in no position to press this argument, since his appendix does not set forth the entire

charge to the jury, but only isolated excerpts thereof. We do not review clauses in a charge out of the context of the whole. Our rule* requires that, if a charge is questioned, "all of the court's charge to the jury" shall be set forth in the appendix. Appellee, however, did set forth the entire charge, and from an examination thereof we find that the trial court fairly presented the questions involved herein to the jury for their determination. See *Zebell* v. *Krall,* 348 Mich 482, 489, 490; *Elliott* v. *A. J. Smith Contracting Co., Inc.,* 358 Mich 398, 412, 413.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

* Court Rule No 67, § 6 (1945), 347 Mich xxii and 355 Mich xiv.