SHINER v CITY OF DETROIT

Docket No. 83811. Submitted January 21, 1986, at Detroit.—Decided
    April 7, 1986. Leave to appeal applied for.

   Ronald Shiner, Jr., filed suit against the City of Detroit and
      Carwell Williams, a Detroit police officer, in Wayne Circuit
      Court alleging police misconduct. Shiner allegedly was struck
      in the face and insulted by Williams when Shiner was attempt-
      ing to break up a fight. Following a jury trial, plaintiff was
      awarded $350,000. Defendants moved for a new trial, or, in the
      alternative, *remittitur.* One of the grounds asserted by defen-
      dants in support of their motion for a new trial was that one of
      the jurors failed to disclose his personal bias against the
      Detroit Police Department during jury voir dire. A hearing was
      conducted on the motion and an order was eventually entered
      granting defendants a new trial, John H. Gillis, Jr., J. The trial
      court then certified a concise statement of facts and proceed-
      ings and further certified its order granting a new trial as
      involving a controlling question of law of major significance to
      the jurisprudence of the state. The Court of Appeals granted
      plaintiff's request for leave to appeal. *Held:*

   A jury verdict may not be set aside on the basis of hearsay
      statements presented by way of affidavit, particularly where, as
      in this case, the juror unequivocally refutes the allegation of
      bias. The trial court's order granting a new trial is reversed
      and the case is remanded for consideration of defendants'
      alternative motion for *remittitur* and any other motions which
      were pending before the trial court and never decided in light
      of the court's disposition of the motion for a new trial.

   Reversed and remanded.

1. JURY — JURY VERDICTS — JUROR BIAS — HEARSAY — AFFIDAVITS.
   A jury verdict may not be set aside on the basis of hearsay

REFERENCES

Am Jur 2d, Affidavits §§ 28 *et seq.*
Am Jur 2d, Jury §§ 213 *et seq.*
Am Jur 2d, New Trial §§ 29 *et seq.*
Am Jur 2d, Trial §§ 978 *et seq.*, 1090 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Jury and
    Jury Trial; New Trial.

statements alleging juror bias presented by way of affidavit, particularly where the juror involved unequivocally refutes the allegation of bias.

2. NEW TRIAL — JUROR BIAS — APPEAL.

Whether a new trial should be awarded on the ground that a juror was biased in favor of or against a particular party is discretionary with the trial court, and the Court of Appeals reviews such a decision only for an abuse of that very broad discretion.

3. JURY — MISCONDUCT OF JURORS — IMPEACHMENT OF VERDICT — AFFIDAVITS.

Affidavits of jurors regarding their own misconduct are not admissible for the purpose of impeaching their verdict.

4. JURY — IMPEACHMENT OF JURY VERDICT.

Generally, jurors may not impeach their verdicts by oral testimony or affidavits; the purposes of the rule are (1) to foreclose jurors from impeaching their findings by asserting their own misconduct, (2) to prevent tampering with the jury subsequent to the discharge of the jury, (3) to avoid undermining the finality and certainty of judgments, and (4) to discourage the invasion of mental processes used to arrive at verdicts.

*Thurswell, Chayet & Weiner* (by *Milton H. Greenman*), for plaintiff.

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *William Woodard* and *Joanne Stafford,* Assistants Corporation Counsel, for defendants.

Before: M. J. KELLY, P.J., and SHEPHERD and M. R. KNOBLOCK,* JJ.

M. J. KELLY, P.J. Plaintiff appeals by leave granted from a decision of the circuit court awarding defendants a new trial on the basis of juror misconduct. We reverse and remand for further proceedings consistent with this opinion.

Plaintiff filed this action against the City of

* Circuit judge, sitting on the Court of Appeals by assignment.

Detroit and Detroit Police Officer Carwell Williams on November 18, 1980, alleging police misconduct. According to plaintiff, he was attempting to break up a fight at Joe Louis Arena in the City of Detroit on August 2, 1980, when defendant Williams overreacted, struck him in the face and otherwise insulted him. Plaintiff alleged that the injuries suffered in this fracas resulted in residual permanent physical impairments, including temporal mandibular joint syndrome, left lower lip numbness, teeth insensitivity and denervation, scarring and headaches. Plaintiff further alleged that he suffered emotional damage, anxiety and trauma. Following a jury trial in July of 1984, a unanimous verdict was returned in favor of plaintiff in the amount of $350,000.

Defendants subsequently moved for a new trial or, in the alternative, *remittitur.* One of the grounds asserted by defendants in support of their motion for a new trial was that one of the jurors failed to disclose his personal bias against the Detroit Police Department during jury voir dire. A hearing was conducted on the motion and an order was eventually entered granting defendants a new trial. The trial court then certified a concise statement of facts and proceedings and further certified its order granting a new trial as involving a controlling question of law of major significance to the jurisprudence of this state. This Court granted leave to appeal by order dated April 26, 1985.

The issue presented is whether a motion for a new trial may be granted on the basis of affidavits asserting hearsay statements of a juror which indicate possible bias. We hold that a jury verdict may not be set aside on the basis of hearsay statements presented by way of affidavit, particularly where, as here, the juror unequivocally refutes the allegation of bias.

Attached to defendants' motion for a new trial were two affidavits submitted by defendant Carwell Williams and Wayne County Deputy Sheriff William Wensko. Both stated that after the conclusion of trial, defendants' attorney spoke with juror Larry Bowlson and inquired about the factors he considered in arriving at the verdict. Bowlson allegedly responded that his cousin had been involved in a similar incident with members of the Detroit Police Department.

Plaintiff, however, subsequently submitted juror Bowlson's affidavit to the effect that while he did engage in conversation with defendants' attorney after the trial, he recalled explaining that the city had failed to present sufficient evidence to convince him of the truth of defendant Williams's position. Bowlson recalled being asked whether he "had anything against police officers", to which he responded " 'No, even though my cousin had a little trouble with them' ". Bowlson further stated:

> "I never told anyone that my cousin or anyone else that I personally know was ever beaten by the Detroit police. I do remember my cousin telling me about six years ago that he was at Ted's Restaurant on Woodward and got into an argument with two off duty officers. He was not hurt bad and nothing came of it. I don't know if they were police officers or not. I don't know if they worked for the City of Detroit. I consider myself as a fair juror and only made a decision based upon the evidence that I heard and saw. Nothing else influenced me."

GCR 1963, 527.1(2), now MCR 2.611(A)(1)(b), authorizes motions for new trial on the basis of jury bias or misconduct. Whether a new trial should be awarded on the ground that a juror was biased in favor of or against a particular party is discretionary with the trial court and this Court reviews

such a decision only for an abuse of that very broad discretion. *Gustafson v Morrison,* 57 Mich App 655, 662; 226 NW2d 681 (1975), *lv den* 394 Mich 755 (1975).

We conclude that this case is governed by the Supreme Court's opinion in *Mandjiak v Meijer's Super Markets, Inc,* 364 Mich 456, 459-461; 110 NW2d 802 (1961). There, the plaintiff's attorney filed an affidavit to the effect that he had overheard remarks made by the jury foreman which indicated bias in favor of the defendant. The defendant responded with an affidavit of the jury foreman in which the jury foreman "categorically denied" the assertions made in the attorney's affidavit. The Supreme Court held that the trial court properly denied the plaintiff's motion for a new trial on the basis of jury misconduct:

> "It is well established that the affidavits of jurors regarding their own misconduct are not admissible for the purpose of impeaching their verdict. *In re Merriman's Appeal,* 108 Mich 454; *People v Nick,* 360 Mich 219. This conclusion would appear to apply *a fortiori* where the information concerning the juror's alleged misconduct is contained in an unsupported affidavit of the losing party or his attorney and the allegations of misconduct, such as they are, are categorically denied in an answering affidavit of a juror." 364 Mich 460-461.

The rationale for the general rule that a jury verdict may not be impeached even by a juror's affidavit as to his or her own misconduct has more recently been explained by this Court in *Brillhart v Mullins,* 128 Mich App 140, 148-149; 339 NW2d 722 (1983):

> "The general rule is that jurors may not impeach their verdicts by oral testimony or affidavits. This rule serves the purpose of foreclosing jurors from impeach-

ing their findings by asserting their own misconduct. Other reasons for disallowing the impeachment of verdicts are: (1) to prevent tampering with the jury subsequent to the discharge of the jury, (2) to avoid undermining the finality and certainty attached to judgments, and (3) to discourage the invasion of mental processes used to arrive at verdicts.

\* \* \*

"It is a wise policy that seeks to insulate jurors from the troublesome and unhealthy pressures of litigants, lawyers, and the media." (Footnotes omitted.)

We are persuaded that the same rationale applies where the affidavit alleging juror bias is submitted by a nonjuror and is based on hearsay. See also 58 Am Jur 2d, New Trial, § 204, p 423 and 6 Callaghan's Michigan Pleading and Practice, New Trials and Rehearing, § 41.28, p 397.

We emphasize that we do not view this case as one involving a juror's untruthful response to questions asked on voir dire. See *Gustafson v Morrison, supra,* and *Grist v Upjohn Co,* 16 Mich App 452, 471; 168 NW2d 389 (1969), *lv den* 382 Mich 768 (1969). In both *Gustafson v Morrison* and *Grist v Upjohn,* nonhearsay evidence was presented to prove the fact of untruthful responses. In *Gustafson,* the juror testified at a posttrial evidentiary hearing regarding his previous litigation experiences and regarding his prior conviction for speeding. In *Grist,* the affidavit of a former co-employee of the juror asserted that the juror had been terminated from his employment, contrary to the information provided by the juror on voir dire. In the instant case, all that is presented are the hearsay affidavits of the losing party and the court bailiff, which are "categorically denied" by the juror.

We hold that it is an abuse of discretion for a trial court to grant a new jury trial on the basis of

juror bias where the motion is supported solely on the basis of hearsay affidavits which are refuted by the juror involved. The trial court's order granting a new trial in the instant case is reversed. The case is remanded for consideration of defendants' alternative motion for *remittitur* and any other motions which were pending before the trial court and never decided in light of the court's disposition of the motion for a new trial.

Reversed and remanded. Jurisdiction is not retained.