GEORGE BECK ET AL. v. THE BOARD OF ELECTION COMMISSIONERS OF THE COUNTY OF WAYNE.

*Elections—Nominating conventions—Tie vote—Lot—Proxy.*

1. After several ineffectual attempts to elect a temporary chairman of a nominating convention, a like number of votes being cast for each of the opposing candidates, the vote of one of the delegates was challenged on the ground that the vote in the caucus at which he claimed to have been elected was a tie, and that thereupon the matter was determined between the contesting candidates as follows: A bystander drew from his pocket a handful of coins, and the candidates made their choice of odd or even, and a counting of the coins resulted in favor of the sitting delegate. The chair thereupon appointed a committee on credentials, who reported that the sitting delegate was not entitled to his seat in the convention. And it is held that the appointment of such committee was proper, and that their determination is fully sustained by authority.

2. Objection was made to counting the vote of one of the delegates who claimed the right to vote upon a proxy, which objection was overruled by the chairman of the convention, in which ruling he was subsequently sustained by the committee on

credentials. In *mandamus* proceedings instituted to compel the board of election commissioners to rescind its action in placing the name of the candidate nominated at said convention upon the official ballot, the application set forth, among other things, that the delegate whose proxy said sitting delegate claimed to hold was absent from this State at the time of the holding of the caucus at which he was elected, and that said proxy was irregular and void. And it is held that said allegation is wholly insufficient upon which to base a finding that the committee on credentials erred in determining that the holder of said proxy was entitled to a seat in the convention.

*Certiorari* to Wayne. (Lillibridge, J.) Submitted October 23, 1894. Writ denied October 24, 1894, and opinion filed December 18, 1894.

Relators applied to the circuit court for *mandamus* to compel respondent to rescind its action in placing the name of a certain candidate on the official ballot, and to place the name of another thereon. Relators apply for *certiorari* to review an order denying the writ. The facts are stated in the opinion.

*T. T. Leete, Jr.,* for relators.

PER CURIAM. Application is made for a writ of *certiorari* to review the determination of the circuit court for the county of Wayne upon an application made to that court to compel respondent to rescind its action in placing the name of Joseph R. McLaughlin upon the official ballot as the nominee of the Republican party in the Third senatorial district for State Senator, and to place the name of Robert Y. Ogg upon said ballot instead thereof.

The district is composed of the Fourth, Sixth, Eighth, and Tenth wards of the city of Detroit. Each of said wards was entitled to three delegates. The convention was called to order by Robert Barrie, chairman of the senatorial

committee of that district.    Several ineffectual attempts
were made to elect a temporary chairman of the conven-
tion, the result of each ballot being six votes for Charles
F. Beck, and an equal number for George Beck.    Pend-
ing these ballotings, objection was made to counting the
vote of one of the delegates who claimed the right to vote
upon a proxy.    The chairman ruled that the gentleman
holding the proxy was in the convention; that he had ex-
amined the proxy; that the same was regular on its face;
and that the holder was entitled to a vote until such time
as the convention determined otherwise.    After other bal-
lots had been had, a delegate objected to the vote of one
Murphy, on the ground that the vote at the caucus in the
ward which Murphy claimed to represent was a tie, and
thereupon the matter was determined between the contest-
ants by lot as follows:    A bystander drew from his pocket
a handful of coins, and the candidates made their choice
of odd or even, and a counting of the coins resulted in a
victory for Murphy.    There is no dispute as to the fact
of the selection of Murphy in the manner described.    The
question was discussed at length, and finally the chair an-
nounced that, as the convention was at a deadlock, he
should appoint a committee on credentials, which was
done.    On motion a recess was then taken for 15 minutes.
At this juncture six of the delegates, including Murphy,
left the hall, organized a separate convention, and nomi-
nated Robert Y. Ogg.    After recess the first-named con-
vention reassembled, and the committee on credentials re-
ported eleven delegates as entitled to seats, and that
Murphy was not entitled to sit.    The roll was then called,
and six of the delegates so reported responded.    A tem-
porary chairman and secretary were then elected, who
were afterwards made permanent officers, and J. R. Mc-
Laughlin was nominated.

It clearly appears that Robert Barrie was the chairman of the Republican senatorial committee of the Third senatorial district, and that the convention presided over by that gentleman was the regularly called convention. An attempt was made to elect a temporary chairman, and a number of ballots were had, resulting in a tie vote. Pending the balloting, questions were raised as to whether two of those present and voting were entitled to vote. Under these circumstances, the determination of the dispute became important, and it was entirely proper to refer its solution to a committee appointed for the purpose. We must assume that the reference was made in good faith.

The petition sets forth that—

"Delegate Dayton Parker was absent from the State of Michigan, and in Montana, at the time said caucus at which he was elected was held, and that the said proxy held by Philip T. Van Zile was irregular and void."

This allegation is wholly insufficient upon which to base a finding that the committee on credentials erred in determining that Philip T. Van Zile was entitled to a seat in the convention.

The determination that Robert Murphy was not entitled to a seat is fully sustained by authority. In the case of a tie vote there is no election, and, in the absence of statutory authority, neither election officers nor candidates have the power to determine the result by lot. Paine, Elect. § 576; *Hammock v. Barnes*, 4 Bush, 390; *State v. Adams*, 2 Stew. (Ala.) 231.

It follows, therefore, that the convention at which J. R. McLaughlin was nominated was regularly called, and that after the retirement of the supporters of Mr. Ogg a majority of the delegates elect remained, constituting a valid convention.

The writ must therefore be denied.