PEOPLE v SOWDERS

Docket No. 88964. Submitted May 6, 1987, at Detroit. Decided June 25, 1987.

Garry Wayne Sowders was convicted of two counts of first-degree murder and possession of a firearm during the commission of a felony in the Wayne Circuit Court, Marvin R. Stempien, J. Defendant appealed, alleging error in 1) the court's refusal to allow him to call a witness who had indicated that he intended to assert his Fifth Amendment right not to testify; 2) the court's denial of his motion to prohibit testimony about a previously suppressed ring from a private citizen who saw the ring prior to the obtaining of the search warrant by the police; 3) the court's denial of defendant's motion for a directed verdict; 4) the prosecution's failure to establish premeditation and deliberation beyond a reasonable doubt; 5) the court's instructions to the jury; 6) failing to prohibit the introduction of certain demonstrative evidence claimed to be too prejudicial; 7) in denying defendant's motion for a mistrial as a result of a remark made by a juror and the dismissal for cause of another juror; 8) the limiting of closing argument by the trial judge; and 9) fourteen other items for which no citation of authority was given.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Appeal and Error § 778.

Am Jur 2d, Criminal Law §§ 701 *et seq.*; 785.

Am Jur 2d, Evidence §§ 148, 251 *et seq.*; 276.

Am Jur 2d, Homicide §§ 438, 439, 453.

Am Jur 2d, New Trial §§ 76 *et seq.*

Am Jur 2d, Trial §§ 91 *et seq.; 883 et seq.*; 919 *et seq.*

Modern status of the rules requiring malice "aforethought," "deliberation," or "premeditation," as elements of murder in the first degree. 18 ALR4th 961.

Prejudicial effect of trial judge's remarks, during civil jury trial, disparaging the litigants, the witnesses, or the subject matter of the litigation. 83 ALR2d 1128.

Admissibility of photograph of corpse in prosecution for homicide or civil action for causing death. 73 ALR2d 769.

See also the annotations in the Index to Annotations under Appeal and Error, Instructions to Jury and Self-Incrimination.

1. No party may call a witness knowing that the witness will avail himself of his right not to testify under the Fifth Amendment protection against self-incrimination. The court did not err in refusing to allow defendant to call such a witness.

2. The exclusionary rule has no application where the government learned of the evidence from an independent source. The court properly allowed the testimony of the private citizen about the ring.

3. The trial court applied the wrong standard when deciding the motion for a directed verdict. In such a case, however, reversal is not required unless the prosecution's evidence was insufficient to justify a reasonable factfinder in concluding that all of the essential elements of the crime were proven beyond a reasonable doubt. The error does not require reversal.

4. Premeditation and deliberation may be proven in a first-degree murder trial by evidence of facts about the manner of the killing from which a jury could infer a preconceived plan to kill. The evidence was sufficient to establish premeditation and deliberation.

5. A verdict will not be set aside based on an alleged error in the jury instructions where no objection was made to the alleged error at trial unless it resulted in a miscarriage of justice. The court's instructions did not result in a miscarriage of justice.

6. The court did not abuse its discretion in admitting the evidence claimed by defendant to be too prejudicial.

7. The trial court did not abuse its discretion in denying defendant's motion for a mistrial.

8. The court acted properly in limiting closing argument.

9. The claims of error for which no authority was cited were deemed abandoned.

Affirmed.

1. WITNESSES — CRIMINAL LAW — SELF-INCRIMINATION.

No party may call a witness knowing that the witness will avail himself of his right not to testify under the Fifth Amendment protection against self-incrimination.

2. CRIMINAL LAW — EVIDENCE — SUPPRESSION OF EVIDENCE.

The exclusionary rule has no application where the government learned of the evidence from an independent source.

3. CRIMINAL LAW — DIRECTED VERDICT — ACQUITTAL.

When ruling on a motion for a directed verdict of acquittal, a court must consider the evidence which had been presented by

the prosecution up to the time the motion is made, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

4. APPEAL — CRIMINAL LAW — DIRECTED VERDICT.

It is error for a trial court to apply the wrong standard of evidence when ruling on a criminal defendant's motion for a directed verdict of acquittal where denial of the motion results; however, reversal is not required unless the prosecution's evidence was insufficient to justify a reasonable factfinder in concluding that all of the essential elements of the crime were proven beyond a reasonable doubt.

5. HOMICIDE — PREMEDITATION AND DELIBERATION.

Premeditation and deliberation may be proven in a first-degree murder trial by evidence of facts about the manner of the killing from which a jury could infer a preconceived plan to kill.

6. HOMICIDE — PREMEDITATION AND DELIBERATION — EVIDENCE.

The premeditation and deliberation required in a first-degree murder case cannot be established by evidence of motive alone without evidence of either activity indicating a preconceived design, or planning activity.

7. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

Jury instructions are reviewed in their entirety on appeal to determine if error occurred; the instructions are not to be extracted piecemeal in an effort to establish error requiring reversal; there is no error, even where the instructions are imperfect, if the instructions fairly presented to the jury the issues to be tried and successfully protected the rights of the defendant.

8. APPEAL — JURY INSTRUCTIONS — MISCARRIAGE OF JUSTICE.

A verdict will not be set aside based on an alleged error in the jury instructions where no objection was made to the alleged error at trial unless it resulted in a miscarriage of justice.

9. CRIMINAL LAW — EVIDENCE.

A court, in determining whether evidence is inadmissible because its probative value is substantially outweighed by its unfairly prejudicial effect, must balance many factors including the time necessary for presenting the evidence and the potential for delay, how directly it tends to prove the fact in support of

which it is offered, whether it would be a needless presentation of cumulative evidence, how important or trivial the fact sought to be proved is, the potential for confusion of the issues or misleading the jury, and whether the fact can be proved in another way involving fewer harmful collateral effects.

10. HOMICIDE — EVIDENCE — PHOTOGRAPHS.
    The decision to admit or exclude photographs of the victim in a murder trial is within the trial court's discretion; while the trial court need not require that the prosecution exhaust all alternative forms of proof, the court must determine whether or not the photographs are substantially necessary or instructive on a material issue before they may be admitted; the more gruesome the picture, the more necessary it must be to proving the prosecution's case.

11. NEW TRIAL — JURY MISCONDUCT.
    The grant or denial of a motion for a mistrial rests within the sound discretion of the trial court; jury misconduct, to warrant a new trial, must be such as to affect the impartiality of the jury or disqualify them from exercising the powers of reason and judgment.

12. NEW TRIAL — JUROR BIAS — APPEAL.
    Whether a new trial should be awarded on the ground that a juror was biased in favor of or against a particular party is discretionary with the trial court, and the Court of Appeals reviews such a decision only for an abuse of that very broad discretion.

13. APPEAL — JUDICIAL COMMENTS — FAIR TRIAL.
    The test to be applied to determine whether a trial judge has pierced the veil of judicial impartiality by making comments on the credibility of a witness at trial which require reversal is whether his comments were of such a nature as to unduly influence the jury and thereby deprive a party of his right to a fair and impartial trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Howard S. Siegrist,* for defendant.

Before: BEASLEY, P.J., and HOOD and E. E. BOR-RADAILE,* JJ.

PER CURIAM. Defendant was charged with two counts of first-degree murder, MCL 750.316; MSA 28.548, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On August 28, 1985, a Wayne Circuit Court jury found defendant guilty of two counts of first-degree murder and one count of felony-firearm and, on September 23, 1985, defendant was sentenced to life imprisonment on each of his first-degree murder convictions and two years' imprisonment on his felony-firearm conviction. Credit was given for six months and twenty-one days already served. Defendant appeals as of right. We affirm.

Defendant filed many motions including a forensic examination request to determine if defendant was competent to stand trial, as well as motions to quash and motions to suppress. Defendant has raised a lengthy series of objections, most of which involve trial of the matter. This Court will deal with these seriatim.

Defendant complains that he was not allowed to call Robert Pancow, who out of the presence of the jury indicated that he intended to assert his Fifth Amendment right not to testify. Our Supreme Court in *People v Dyer,* 425 Mich 572, 576; 390 NW2d 645 (1986), resolved this issue against defendant by indicating that neither party may call a witness knowing that the witness will avail himself of his right not to testify relative to self-incrimination under the Fifth Amendment.

At the start of trial, defense counsel filed a motion in limine seeking to prohibit testimony regarding a suppressed diamond ring. The trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court denied the motion with regard to Kimberly
Faydenko's testimony concerning the ring. Fay-
denko saw the ring prior to the police's seeking a
search warrant. She was a private citizen not
involved in any aspect of the police investigation
or subsequent execution of search warrants in the
case. In *Silverthorne Lumber Co v United States,*
251 US 385, 392; 40 S Ct 182; 64 L Ed 319 (1920),
the United States Supreme Court ruled that the
exclusionary rule had no application where the
government learned of the evidence from an inde-
pendent source. Clearly Faydenko had an indepen-
dent observation of the ring that was free from
any taint; thus, her testimony rightly was not
suppressed.

After the people had rested, defense counsel
moved for a directed verdict of acquittal. The test,
as properly set forth in *People v Hampton,* 407
Mich 354, 368; 285 NW2d 284 (1979), cert den sub
nom *Michigan v Hampton,* 499 US 885; 101 S Ct
239; 66 L Ed 2d 110 (1980), requires a trial judge
when ruling on such a motion to consider the
evidence presented by the prosecutor up to the
time the motion is made, view the evidence in a
light most favorable to the prosecutor, and deter-
mine whether a rational trier of fact could find
that the essential elements of the crime were
proven beyond a reasonable doubt. In the present
case, the trial judge used the civil standard and
thus was in error; however, the error was harm-
less. In *People v Buchanan,* 107 Mich App 648,
649-650; 309 NW2d 691 (1981), this Court found
that the trial court erred in applying the "scin-
tilla" or "any evidence" standard to a defendant's
motion for a directed verdict rather than the
appropriate standard as set forth in *Hampton,*
*supra,* when it denied a motion for a directed
verdict. However, the *Buchanan* case states:

[R]eversal is not required unless the prosecution's evidence was insufficient to justify a reasonable factfinder in concluding that all of the essential elements of the crime were proven beyond a reasonable doubt. [*Buchanan, supra,* p 650.]

Defendant claims that the prosecution failed to prove beyond a reasonable doubt premeditation and deliberation, necessary elements of first-degree murder. Premeditation and deliberation need not be established by direct evidence, but may be inferred from defendant's conduct in light of the circumstances. However, such an inference must have an adequate basis in the record evidence. *People v Hoffmeister,* 394 Mich 155, 158-159; 229 NW2d 305 (1975). Factors to be considered in determining the existence of premeditation and deliberation include facts about the manner of the killing from which a jury could infer a preconceived plan to kill. *People v Jones,* 115 Mich App 543, 553; 321 NW2d 723 (1982), aff'd 419 Mich 577; 358 NW2d 837 (1984). In *People v Gill,* 43 Mich App 598, 602-603; 204 NW2d 699 (1972), this Court set forth three basic categories of evidence relative to a finding of premeditation and deliberation. The planning activity and preconceived design, two of the three categories, are analytically much the same. Evidence of motive, the other category, without evidence of either a preconceived design or planning activity is not sufficient to find first-degree murder. *Gill, supra,* p 603.

In the instant case, there is sufficient evidence to allow a factfinder to infer that defendant killed decedents Roberts and Steffey over a drug-related debt. The evidence also strongly suggests that the defendant received payment from Pancow for killing both decedents. Harvey's testimony placed defendant at the crime scene at the time the

killings took place. A young man living in the home, Robby Roberts, testified that after being awakened by four gunshots he saw a person who fit defendant's description leave the house, though he admitted he saw the back only. Finally, there was evidence that Roberts and the defendant were having an argument and that the defendant left after arguing with Roberts. This fact, in and of itself, showed there was time for defendant to cool off before returning to Roberts' house. Thus we are satisfied that sufficient evidence was submitted to allow a reasonable factfinder to conclude that the prosecution established premeditation and deliberation beyond a reasonable doubt.

Next, defendant raises various claims of error in regard to the trial court's instructions to the jury. Defendant challenges the trial court's instructions on the intoxication defense relative to a charge of first-degree murder. The court, in its first statement as to the intoxication defense, misinstructed the jury regarding the applicability of the defense of intoxication as to first-degree murder. However, once the trial court was made aware of this error, the court reinstructed the jury with regard to the elements of first and second-degree murder and the intoxication defense. In reinstructing the jury, the trial court properly stated the law with defense counsel indicating no objection.

Defense counsel relies on *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), in support of his claim of error regarding the intoxication instructions; however, we note that the Michigan Supreme Court in *People v Savoie,* 419 Mich 118, 134; 349 NW2d 139 (1984), said:

We are convinced that that portion of our opinion in *Crittle* which concluded that the "capacity standard" is improper, per se, was not a correct

statement of the law. The proper standard is that articulated by Justice Christiancy more than a century ago—whether the degree of intoxication was so great as to render the accused "incapable of entertaining the intent". To this extent this opinion diverges from *Crittle. Crittle* is overruled.

Jury instructions are viewed in their entirety in order to determine if error occurred and are not extracted piecemeal in an effort to establish error requiring reversal. *People v Bender,* 124 Mich App 571, 574; 335 NW2d 85 (1983). Even where instructions are imperfect, there is no error if the instructions "fairly presented to the jury the issues to be tried and sufficiently protected the rights of defendant." *People v Kalder,* 284 Mich 235, 241-242; 279 NW 493 (1938); *People v Burgess,* 153 Mich App 715, 726; 396 NW2d 814 (1986). A verdict will not be set aside based on an alleged error in the jury instructions where no objection was made to the alleged erroneous instruction at trial unless it resulted in a miscarriage of justice. *Id.* We find that no miscarriage of justice occurred in this case.

Defendant also claims that the trial court erred in refusing to give the "pure circumstantial evidence instructions." The prosecution's case was based on both circumstantial and direct evidence. Therefore, the trial court accurately instructed the jury on the issue of mixed direct and circumstantial evidence as found in proposed CJI 4:2:02. See *People v Burgess, supra,* pp 726-727.

Defendant also challenges the ruling of the trial court concerning demonstrative evidence (shells that were introduced during the testimony of Trooper Donald Jones, who had been qualified as an expert in firearms and ammunition identification). Trooper Jones testified that he was present when autopsies were done on both decedents and that he received bullet fragments removed from

their bodies. He testified about the characteristics of the bullet fragments which led him to conclude that they were from a .22 caliber shell. Jones then stated that he had bullets on his person which he could show the jury to help the jurors understand the witness' conclusions. Defense counsel objected. The trial court properly sustained defendant's objection as to Jones' narrative testimony but properly overruled his objection as to the use of a brass wash and a quantity of #12 birdshot to help show why Jones concluded that the fragments came from a .22 caliber shell. In determining whether relevant and material evidence should not be excluded because its probative value substantially outweighs its prejudicial effect, a court must balance many factors including the time necessary to present the evidence and the potential for delay, how directly it tends to prove the facts in support of which it is offered, whether it would be needless presentation of cumulative evidence, how important or trivial the facts sought to be proved are, the potential for confusing or misleading the jury, and whether the facts sought to be proved can be proved in some other way. *People v Oliphant,* 399 Mich 472, 490; 250 NW2d 443 (1976). In determining whether to refuse to admit evidence because of its prejudicial effect, the trial judge must take into consideration defendant's theory of the case. *People v Spillman,* 399 Mich 313, 321; 249 NW2d 73 (1976).

In this case, the pathologist testified that the wounds on both decedents suggested that a .22 caliber or .25 caliber bullet caused the injuries. The testimony of both Lisa Bonner and Richard Miller indicated that they had observed defendant in possession of a .22 caliber revolver and shells. Clearly, the demonstration shells were relevant to allow the jury to understand why the firearms

expert concluded that the fragments came from a .22 caliber shell. The shells also helped the jury understand the testimony of Richard Miller with regard to the various ammunition defendant claimed to have on the night in question. Thus the evidence was properly admitted.

At trial the prosecution made an offer to enter six photographs of the victims as they were found at the crime scene. Over defendant's objection, the trial court admitted four of the six photographs. Defense counsel claimed that the photographs were substantially more prejudicial than probative under MRE 403. However, the trial court agreed with the prosecution's theory that the photographs would establish that there was no blood spattering and thus little blood at the crime scene which in turn would explain why no blood was found in defendant's automobile or on defendant's gray suit. The trial court relied on *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972), for the rule that the decision to admit gruesome photographs is left to the discretion of the trial court. The trial court ruled that the evidence was admissible because Sergeant Mitten of the Michigan State Police testified that there was no trace evidence found on the automobile or two gray suits that were seized, and the pathologist testified that there was a possibility of blood spattering when a person receives a gunshot wound to the head. The court felt that the photographs were not particularly gruesome and admitted the photographs because they showed that there was no blood splattering at the crime scene.

The trial court in this situation recognized it had discretion in admitting the photographs and determined that the photographs were substantially necessary and instructive on a material issue in the case. We find no abuse of discretion. *People*

*v Bryant,* 129 Mich App 574, 580-581; 342 NW2d 86 (1983).

Defendant next claims that the trial court erred by denying defendant's motion for a mistrial as a result of a remark made by a prospective juror during voir dire. The juror stated that she knew an officer of the City of Taylor Police Department who would be a witness in the case. Her brother had apparently been arrested by that officer and prosecuted. She claimed not to harbor any bad feelings toward the officer, she had good feelings about the Taylor Police Department, and could carry out her duties as a juror. The trial court denied the motion for mistrial. A grant or denial of a motion for mistrial rests within the sound discretion of the trial court. Reversal should be had only on a finding that the trial court abused that discretion. *People v Green,* 131 Mich App 232, 236; 345 NW2d 676 (1983); *People v Robertson,* 87 Mich App 109, 111-112; 273 NW2d 501 (1978). In *People v Nick,* 360 Mich 219, 230; 103 NW2d 435 (1960), the Supreme Court stated the standard of review to be applied in cases where there is an allegation of juror misconduct:

> [I]t is well-established that not every instance of misconduct in a juror will require a new trial. The general principle underlying the cases is that the misconduct must be such as to affect the impartiality of the jury or disqualify them from exercising the powers of reason and judgment. A new trial will not be granted for misconduct of the jury if no substantial harm was done thereby to the party seeking a new trial, even though the misconduct is such as to merit rebuke from the trial court if brought to its notice.

Our review of this juror's inadvertent reference to her opinion regarding the police department

leads us to conclude that the statement was not prejudicial to the defendant, nor did it affect the impartiality of the jury in any manner. No error was committed.

After the jury was sworn, one juror indicated that he knew prosecution witness Richard Miller because he had played on a softball team one summer with the witness. The juror stated that he did not really know the man and had not seen him for over five years. Nevertheless, the juror was dismissed for cause. Again, the defendant has raised what basically amounts to a nonissue by charging that the trial court erred by failing to grant defendant's motion for a mistrial. The juror was promptly examined out of the presence of the balance of the jury. Thereafter the trial court determined that the juror should be dismissed for cause. The court noted that there were still twelve jurors left even with the juror being excused. Thus, there was no need to grant a mistrial. Defendant is dealing strictly in speculation and has shown nothing which would indicate that the jury was biased. In *Shiner v Detroit,* 150 Mich App 420, 423-424; 387 NW2d 872 (1986), lv den 426 Mich 859 (1986), this Court stated that whether a new trial should be awarded on the ground that a jury was biased in favor of or against a party is discretionary with the trial court. The appellate court reviews such a decision only for an abuse of that very broad discretion. There is no abuse shown here.

Defense counsel complains that the trial judge erred by limiting closing arguments by defense counsel to two hours and by continually reminding counsel to conclude his summation. This Court is sympathetic to the trial judge in view of the fact that defense counsel on appeal has raised a multitude of issues and then in conclusion complains

because he was limited to a fifty-page brief and could not brief and argue some fourteen other items. This convinces us that the trial judge correctly exercised his discretion in setting a limit on argument after the jury had been sitting for a rather lengthy trial. The standard as to whether a trial judge pierces the veil of judicial impartiality is found in MCL 768.29; MSA 28.1052 which provides:

> It shall be the duty of the judge to control all proceedings during the trial, *and to limit the introduction of evidence and the argument of counsel* to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved. The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require. [Emphasis added.]

The test to be applied when there is an allegation that a trial judge's comments were of such a nature as to unduly influence a jury is for the reviewing court to examine the record and determine whether the trial court pierced the veil of judicial impartiality. *People v Rogers,* 60 Mich App 652; 233 NW2d 8 (1975), lv den 406 Mich 918 (1979). In this case, we find that the judge did not pierce the veil of judicial impartiality and used excellent judgment in limiting the argument to two hours.

Finally, with regard to the bedsheet list of fourteen other errors that defense counsel says he could not deal with within the limits of MCR 7.212(B), we find that these claims of error have been abandoned on appeal because no support is cited for this argument. *Wojciechowski v General*

*Motors Corp,* 151 Mich App 399, 405; 390 NW2d 727 (1986). Defendant was not denied his right to a fair and impartial trial, nor was defendant denied due process of law. Defendant was not precluded in any way from presenting his defense and this Court is satisfied that defendant received a fair trial.

Affirmed.