PEOPLE v SMITH

Docket No. 146687. Submitted May 4, 1993, at Lansing. Decided July
9, 1993; approved for publication December 27, 1993, at 9:00
A.M.

James D. Smith pleaded guilty in the Delta Circuit Court, Dean
J. Shipman, J., of three counts of second-degree criminal sexual
conduct and was sentenced to concurrent terms of four to
fifteen years' imprisonment. He appealed, alleging that the
court's failure to state on the record the cost to the state
taxpayers resulting from his sentence requires resentencing.

The Court of Appeals *held:*

1990 PA 208, 1991 PA 114, and 1992 PA 175, which require a
sentencing court to indicate on the record the cost to the state
taxpayers resulting from a sentence for a felony conviction, do
not confer any substantive right on the defendant. The failure
to comply with the requirement of the acts does not necessitate
resentencing. The sentences are within the recommended range
of the sentencing guidelines and are proportional.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Thomas L. Smithson,*
Prosecuting Attorney, and *Charles D. Hackney,*
Assistant Attorney General, for the people.

State Appellate Defender (by *Anne Yantus*), for
the defendant on appeal.

Before: J. H. GILLIS, P.J., and D. F. WALSH and
J. B. SULLIVAN, JJ.*

PER CURIAM. Defendant pleaded guilty of three
counts of second-degree criminal sexual conduct,

* Former Court of Appeals judges, sitting on the Court of Appeals
by assignment pursuant to Administrative Order Nos. 1991-9 and
1992-6.

MCL 750.520c(1)(b); MSA 28.788(3)(1)(b), and was sentenced to concurrent terms of four to fifteen years' imprisonment. He now appeals as of right. This case has been decided without oral argument pursuant to MCR 7.214(E)(1)(b).

We reject defendant's claim that the sentencing court's failure to state on the record the cost to the state taxpayers resulting from defendant's sentence requires resentencing. 1990 PA 208, 1991 PA 114, and 1992 PA 175 are acts providing appropriations for general governmental departments. Contained in each of those acts is a provision requiring a sentencing court to indicate on the record the cost to the state taxpayers resulting from a sentence for a felony conviction. However, there is nothing in the language of the acts that indicates that the requirement imposed on the court confers any substantive right on the defendant. Further, defendant cites no authority for the proposition that the acts confer any such right onto him. Nor does he cite any authority for the proposition that failure to comply with that requirement necessitates resentencing. *People v Sowders,* 164 Mich App 36, 49; 417 NW2d 78 (1987). We therefore hold that there is no basis for resentencing.

Defendant's sentences are within the recommended range of the sentencing guidelines and do not violate the principle of proportionality. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990); *People v Dukes,* 189 Mich App 262; 471 NW2d 651 (1991).

Affirmed.