PEOPLE v STRAND

Docket No. 164788. Submitted May 16, 1995, at Marquette. Decided August 29, 1995, at 9:10 A.M.

Tony J. Strand was convicted by a jury in the Dickinson Circuit Court, John D. Payant, J., of one count of assault with intent to commit attempted kidnapping, two counts of felonious assault, and one count of attempted kidnapping. He pleaded guilty of being an habitual offender, second offense, and was sentenced as an habitual offender to concurrent terms of imprisonment for the underlying convictions. He appealed.

The Court of Appeals *held:*

1. The defendant's conviction of assault with intent to commit attempted kidnapping must be reversed. As a matter of law, assault with intent to commit attempted kidnapping does not exist as a crime. Assault with intent to commit a felony, MCL 750.87; MSA 28.282, requires specific intent to commit the predicate felony. An intent to attempt to commit a felony does not satisfy the intent requirement of assault with intent to commit a felony.

2. Any error in the admission of testimony by investigating police officers that they received an anonymous tip regarding the defendant did not deny the defendant a fair trial because it was harmless in light of other, overwhelming evidence of the defendant's guilt.

3. The trial court did not abuse its discretion in denying the defendant's motion for a new trial. The impartiality of the jury was not affected by the knowledge of two jurors that the defendant had a prior conviction of sexual assault. The two jurors indicated that they did not disclose the information to the other jurors because they questioned its truth.

4. The defendant was not denied a fair trial by the prosecutor's use of a photographic lineup instead of a corporeal

REFERENCES

Am Jur 2d, Assault and Battery § 51; Criminal Law § 799; New Trial § 212.

See ALR Index under Assault and Battery; Lineups; New Trial; Pictures and Photographs.

lineup for identification. Identification by photograph should not be used when a suspect is in custody or when the suspect can be compelled by the state to appear at a corporeal lineup. Here, however, the defendant was not in custody or under arrest at the time of the photographic lineup and therefore could not be compelled to participate in a corporeal lineup. Moreover, the admission of the photographic lineup evidence, if error, was harmless in light of other, overwhelming evidence of the defendant's guilt.

Affirmed in part and reversed in part.

R. L. ZIOLKOWSKI, J., concurring in part and dissenting in part, stated that the defendant, having agreed to participate in prior corporeal lineups that resulted in his tentative identification as the perpetrator, was readily available for a corporeal lineup and that the admission of the evidence of the photographic lineup therefore was error. The error, however, was harmless in light of other, overwhelming evidence of the defendant's guilt.

1. ASSAULT AND BATTERY — ASSAULT WITH INTENT TO COMMIT A FELONY.

The crime of assault with intent to commit a felony requires specific intent to commit the predicate felony; an intent to attempt to commit the predicate felony will not support a conviction of assault with intent to commit a felony (MCL 750.87; MSA 28.282).

2. CRIMINAL LAW — NEW TRIAL — JURY MISCONDUCT.

A new trial may not be granted for misconduct by the jury unless the misconduct affects the impartiality of the jury.

3. CRIMINAL LAW — PHOTOGRAPHIC LINEUP — CORPOREAL LINEUP.

Identification by photograph should not be used when a suspect is in custody or when the suspect can be compelled by the state to appear at a corporeal lineup.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jay S. Finch,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *Ralph C. Simpson*), for the defendant on appeal.

Before: Griffin, P.J., and Smolenski and R. L. Ziolkowski,* JJ.

Griffin, P.J. Following a jury trial, defendant was convicted of one count of "assault with intent to commit attempted kidnapping," two counts of felonious assault, MCL 750.82; MSA 28.277, and one count of attempted kidnapping, MCL 750.349; MSA 28.581. He later pleaded guilty of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to concurrent prison terms of eight to fifteen years for the conviction of assault with intent to commit attempted kidnapping, 2½ to 4 years for the felonious assault convictions, and three to five years for the attempted kidnapping conviction. Defendant now appeals as of right. We affirm in part and reverse in part.

Defendant first argues on appeal that his conviction of assault with intent to commit attempted kidnapping should be vacated because such a crime does not exist as a matter of law. We agree. The elements of the crime of assault with intent to commit a felony are set forth in MCL 750.87; MSA 28.282. The statute provides as follows:

> Any person who shall assault another, with intent to commit any burglary, or any other felony, the punishment of which assault is not otherwise in this act prescribed, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years, or by fine of not more than 5,000 dollars.

Although the scope of the statute is broad, it does not include all felonies because the statute requires a specific intent. *People v Lipski,* 328

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Mich 194, 197; 43 NW2d 325 (1950); *People v Lilley,* 43 Mich 521, 529; 5 NW 982 (1880).

Because the essence of the crime of assault with intent to commit a felony is the specific intent to commit the predicate felony, we find it logically inconsistent that an attempt would satisfy the statute. See *People v Hammond,* 187 Mich App 105, 108; 466 NW2d 335 (1991). Although the crime of attempt requires the specific intent to commit a crime, it is essentially a crime that, through various circumstances, remains uncompleted. One does not commit an assault intending to attempt to commit a crime. Because of this logical inconsistency, we conclude as a matter of law that there is no crime of assault with intent to commit attempted kidnapping. Accordingly, we reverse defendant's conviction and sentence for assault with intent to commit attempted kidnapping. *Id.*

Defendant further argues that he was denied a fair trial because the prosecutor improperly elicited testimony by the investigating officers that they received an anonymous tip that defendant was involved in the crime. However, any error in the admission of this testimony was harmless in light of other, overwhelming evidence of defendant's guilt. MCR 2.613(A); *People v Hubbard,* 209 Mich App 234, 243; 530 NW2d 130 (1995).

Next, defendant argues that he was denied a fair trial when two jurors testified at a posttrial hearing that they had learned during the course of the trial that defendant had a prior sexual assault conviction. It is well settled that misconduct on the part of a juror will not automatically warrant a new trial. *People v Nick,* 360 Mich 219, 230; 103 NW2d 435 (1960); *People v Sowders,* 164 Mich App 36, 47; 417 NW2d 78 (1987). A new trial will not be granted for misconduct unless it affects the impar-

tiality of the jury. *People v Rohrer,* 174 Mich App 732, 740; 436 NW2d 743 (1989).

Although both jurors admitted learning that defendant had a prior sexual assault conviction, they testified that they did not disclose this information to the other jurors. Rather, the jurors indicated that because they questioned the truth of this information, it did not affect the impartiality of their verdicts. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying defendant's motion for a new trial.

Finally, defendant argues that he was denied a fair trial by the prosecutor's improper use of a photographic lineup when defendant was readily available for a corporeal lineup. We disagree. Identification by photograph should not be used "when a suspect is in custody or when he can be compelled by the state to appear at a corporeal lineup." *People v Kurylczyk,* 443 Mich 289, 298, n 8; 505 NW2d 528 (1993), cert den — US —; 114 S Ct 725; 126 L Ed 2d 689 (1994), citing *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

In this case, defendant was not in custody at the time of the photographic lineup. Similarly, because defendant was also not under arrest, he could not be compelled to participate in a corporeal lineup. In any event, any error in the admission of this evidence was harmless beyond a reasonable doubt in light of other, overwhelming evidence of defendant's guilt. *Kurylczyk, supra* at 315. Accordingly, we conclude that defendant was not denied a fair trial by the admission of the identification testimony.

Defendant's conviction of assault with intent to commit attempted kidnapping is reversed and vacated. Defendant's remaining convictions and sentences are affirmed.

SMOLENSKI, J., concurred.

R. L. ZIOLKOWSKI, J. *(concurring in part and dissenting in part)*. I agree with the majority that any error in the admission of the photographic show-up evidence was harmless and did not deny defendant a fair trial by its admission.

However, I am not persuaded that defendant was not readily available to participate in a corporeal lineup. *People v Derbeck,* 202 Mich App 443, 445; 509 NW2d 534 (1993). Therefore, I must dissent.

Defendant had agreed to and did participate in several corporeal lineups where he was tentatively identified. The prosecutor, apparently dissatisfied with the quality of the identification, conducted a photographic show-up, without counsel, while defendant was present at the police station and without advising defendant.

Though defendant was not in custody as defined by case law, he nonetheless had agreed to and did participate in several corporeal lineups. Therefore, defendant should be characterized as being readily available for a corporeal lineup and receive its safeguards.

To establish a precedent that the police may take and use photographs for identification purposes where a suspect, albeit not in custody, consents to participate in a corporeal lineup and is present seems inappropriate in light of this Court's ruling in *People v Cotton,* 38 Mich App 763; 197 NW2d 90 (1972). Notwithstanding that corporeal identification is superior to a photographic identification, *Simmons v United States,* 390 US 377, 383; 88 S Ct 967; 19 L Ed 2d 1247 (1968), the majority would permit the police to exercise unfettered discretion over which type of identification to em-

ploy, thus affording an opportunity to circumvent the protection of a corporeal lineup.

Nevertheless, I believe the error in the admission of this evidence was harmless beyond a reasonable doubt in light of the other, overwhelming evidence of defendant's guilt. *People v Kurylczyk,* 443 Mich 289; 505 NW2d 528 (1993), cert den — US —; 114 S Ct 725; 126 L Ed 2d 689 (1994).