LESLIE v ALLEN-BRADLEY COMPANY, INC

Docket No. 133557. Submitted October 12, 1993, at Detroit. Decided
    February 7, 1994, at 10:10 A.M.

Thomas W. Leslie brought an action in the St. Clair Circuit Court
    against Allen-Bradley Company, Inc., and Thunder Bay Manu-
    facturing Corporation. During jury selection, the plaintiff was
    allowed four peremptory challenges. The plaintiff exercised one
    peremptory challenge, and the court, Ernest F. Oppliger, J.,
    counted three passes by the plaintiff as peremptory challenges.
    The jury returned a verdict in favor of the defendants. The
    plaintiff appealed, claiming that the jury selection process had
    been defective.

The Court of Appeals *held:*

MCR 2.511(E)(3)(b) provides that a pass is not counted as a
    challenge but is a waiver of further challenge to the panel as
    constituted at that time. The trial court violated the court rule
    in treating the plaintiff's passes as peremptory challenges. The
    plaintiff preserved the jury selection issue by exhausting all the
    peremptory challenges the trial court allowed him. Expressions
    of satisfaction with the jury as empaneled, which were made by
    the plaintiff's counsel while the jury was present, were a
    necessary part of trial strategy to not alienate prospective
    jurors. In any event, the plaintiff objected to the jury selection
    procedure when the jury was not present.

Reversed and remanded.

*Mancini, Schreuder, Kline & Conrad, P.C.* (by
*Ellen G. Schreuder*), for Thomas W. Leslie.

*Harvey, Kruse, Westen & Milan* (by *Dennis M.
Goebel* and *Steven D. Brock*), for Allen-Bradley
Company, Inc.

*Vandeveer Garzia* (by *Robert D. Brignall*), for
Thunder Bay Manufacturing Corporation.

Before: MARILYN KELLY, P.J., and CAVANAGH and J. A. MURPHY,* JJ.

MARILYN KELLY, P.J. In this products liability action, plaintiff appeals as of right from a jury verdict in favor of defendants. He argues that the trial judge denied him the statutory number of peremptory challenges during jury selection. He alleges error, also, in denial of his motion for judgment notwithstanding the verdict and in several of the judge's evidentiary rulings. We reverse.

### A

Plaintiff's right hand and wrist were amputated when the drill press he was operating as a trainee began cycling continuously as he was removing a part from it.

Before beginning jury selection, the judge held an in-chambers conference. There, he determined that plaintiff would have four peremptory challenges and each defendant would have two. At some time, he advised the parties that he would count a "pass" as a peremptory challenge. On appeal, plaintiff contends that he was first advised of this after jury selection began. Defendants contend that this procedure was established during the conference. The record shows that defense counsel asked about the practice after beginning jury selection, and the court responded that a pass would count as a peremptory challenge.

Plaintiff contends that counting a "pass" as a peremptory challenge violates MCR 2.511(E)(3)(b) which provides:

A "pass" is not counted as a challenge but is a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

waiver of further challenge to the panel as consti-
tuted at that time.

Plaintiff also argues that his attorney's statement
on three occasions that "Plaintiff is satisfied" was
not a waiver of any claimed error in the method of
jury selection; it was trial strategy made necessary
by the jury's presence. Plaintiff argues that the
objection which his attorney placed on the record
after the jury had been sworn adequately reflected
plaintiff's dissatisfaction with the method of jury
selection. Finally, he contends that he preserved
the issue for appeal, since he exhausted his four
peremptory challenges and objected to the jury as
sworn. We agree.

**B**

Generally, a party's claim that the jury selection
process was defective is not preserved if the party
fails to use all available peremptory challenges.
*People v Taylor,* 195 Mich App 57, 60; 489 NW2d
99 (1992). Alternatively, when a party refuses to
express satisfaction with the jury empaneled, the
issue is preserved for appeal. *People v Tyburski,*
196 Mich App 576, 583, n 5; 494 NW2d 20 (1992);
*Taylor,* 60.

In this case, plaintiff had four peremptory chal-
lenges. He exercised one, and the court counted
three passes as peremptory challenges. Thus,
plaintiff exhausted all four of his available pe-
remptory challenges. In *People v Russell*[1] the
Michigan Supreme Court overturned this Court's
reversal of the defendant's conviction based on
defective jury selection methods. It adopted the
reasoning of the dissent in the Court of Appeals'
opinion which stated:

---

[1] *People v Russell,* 434 Mich 922; 456 NW2d 83 (1990), rev'g *People
v Russell,* 182 Mich App 314; 451 NW2d 625 (1990).

Had defendant exercised all of his peremptories, then it could be maintained that he was dissatisfied with the jury and that the improper selection method employed during jury selection fatally impeded his ability to select a fair and impartial jury. [182 Mich App 325.]

Having exhausted his peremptory challenges, plaintiff in the instant case can maintain his claim that the improper selection method impeded his ability to select a fair and impartial jury.

C

We also conclude that plaintiff did not express satisfaction with the jury, notwithstanding his counsel's statements to the contrary in the presence of prospective jurors. We are persuaded by the argument of counsel that her expressions of satisfaction before the jurors were a necessary part of trial strategy, designed to avoid alienating prospective jurors. Our conclusion is supported by the record which indicates that, when the jury was not present, plaintiff's attorney objected to the practice of counting a "pass" as a peremptory challenge; she insisted that plaintiff had been deprived of substantial rights.

D

Having concluded that plaintiff preserved the issue for appeal and did not accept the jury, we also conclude that counting a pass as a peremptory challenge violates MCR 2.511(E)(3)(b).

Our Supreme Court has stated: "A defendant is entitled to have the jury selected as provided by the rule." *People v Miller,* 411 Mich 321, 326; 307 NW2d 335 (1981). Furthermore, a party need not demonstrate prejudice arising from a claim of

defective jury selection, since the requirement would impose an impossible burden. *Id.*

In addition, we are persuaded that our conclusion does not contradict the dissent's analysis in *Russell.* The dissent observed that reversal was not required for two reasons: First, the defendant had failed to exercise his four remaining peremptory challenges. Consequently, the defense counsel's ability to effectively exercise his peremptory challenges had not been reduced or impaired. In contrast, here, plaintiff exhausted all the available peremptory challenges and can raise the argument that his ability to effectively exercise his peremptory challenges was impaired. Second, the *Russell* dissent concluded that reversal was not required, because the trial court in that case had corrected the defective selection procedure early enough to correct the error. Here, the trial court never corrected the defective method of jury selection, but rather, used it throughout the selection process. In counting a "pass" as a peremptory challenge the trial court violated MCR 2.511(E)(3)(b) and the dictates of *Miller.* Furthermore, in contrast to the trial court in *Russell,* the judge here never corrected the defective procedure.

Because we reverse on the basis of defective jury selection practices, we do not reach the other issues plaintiff raises on appeal.

Reversed and remanded.