# STATE OF MICHIGAN

# COURT OF APPEALS

VALENCIA WHITE,

Plaintiff-Appellee,

v

BADRUL HAQUE and BS GROUP SERVICES, LLC,

Defendants-Appellants.

UNPUBLISHED
May 17, 2018

No. 334084
Wayne Circuit Court
LC No. 14-000365-NI

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In this automobile negligence action, defendants Badrul Haque and BS Group Services, LLC, appeal as of right a judgment for plaintiff entered following a jury trial. Defendants argue that they are entitled to a new trial because of juror misconduct or an irregularity in the jury selection proceedings, MCR 2.611(A)(1)(a) and (b). We affirm.

## I. FACTS AND PROCEEDINGS

Plaintiff alleged that she was injured in an automobile accident when her vehicle collided with a vehicle that was being driven by defendant Badrul Haque, which was owned by defendant BS Group Services, LLC. The case proceeded to trial. During voir dire, the trial court introduced the parties and their attorneys. The court identified plaintiff's two attorneys by name and indicated that they were from the Mike Morse law firm (the "Morse law firm"). Later, the court read off the names of witnesses who intended to testify at trial. The trial court then asked," "Does anyone recognize any of the parties that you have been introduced, any of the lawyers, or any of the names that I just called?" None of the prospective jurors responded. After the court selected the names of eight prospective jurors to be seated in the jury box, the court further questioned these jurors. One of the jurors was peremptorily excused and that juror was replaced by Juror Brooks, who revealed during questioning that she had been injured in an automobile accident. The court further questioned her as follows:

> *Q.* Did you have any treatment after that accident?
>
> *A.* I wore a boot for like two months and I had a really bad sprang [sic].
>
> *Q.* Did you have to file an accident claim or anything like that?

-1-

*A.* I did with a law firm.

*Q.* With a law firm. Okay. Can you-- The fact that you filed a claim could you think that would make you prejudice[d] towards the Plaintiff or against the Defendant?

*A.* No.

*Q.* So you were satisfied with the result of your lawsuit?

*A.* Yes.

*Q.* Okay. And if you were a Plaintiff in a suit you would want somebody like you?

*A.* Yes.

*Q.* If you were a Defendant, somebody was suing you, would you want somebody like you?

*A.* Yes.

Defendants asked the trial court if they could further question Brooks about her lawsuit. The trial court denied the request. Defendants did not exercise a peremptory challenge to excuse Brooks, who ultimately served on the jury. Defendants had one remaining peremptory challenge when jury selection was completed.

After the jury returned a verdict for plaintiff, the parties were allowed to speak to the jurors. Brooks stated that she was surprised that she was allowed to remain on the jury, and she revealed that the attorney who represented her in her automobile accident claim was another attorney from the same Morse law firm.

Defendants thereafter moved for a new trial, arguing that Brooks committed misconduct by failing to disclose that she was represented by the same law firm as plaintiff's attorneys, and that the trial court erred by failing to allow them to further question Brooks about her automobile accident and legal claim. The trial court conducted an evidentiary hearing at which Brooks testified that she was previously represented by a different attorney at the Morse law firm. The law firm obtained wage loss benefits for Brooks, and it concluded her legal matter before the trial in this case began. Brooks denied knowing plaintiff's attorneys and, although her testimony was not entirely clear, she denied realizing during voir dire that plaintiffs' attorneys and her former attorney were from the same law firm. Brooks also denied that her relationship with the Morse law firm influenced her deliberations in this case, and she denied talking to other jurors about her accident claim or the Morse law firm. The trial court found that Brooks did not commit misconduct, and denied defendants' motion for a new trial

## II. MOTION FOR NEW TRIAL

Defendants argue that the trial court erred by denying their motion for a new trial. MCR 2.611(A)(1) provides, in pertinent part:

A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

(a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial.

(b) Misconduct of the jury or of the prevailing party.

We review a trial court's decision whether to grant or deny a motion for a new trial for an abuse of discretion. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 531; 866 NW2d 817 (2014). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id.* (citation and quotation marks omitted). Where the trial court makes findings regarding a witness's credibility, "this Court defers to the trial court's determination of credibility." *Sinicropi v Mazurek*, 273 Mich App 149, 155; 729 NW2d 256 (2006).

## A. JUROR MISCONDUCT

Defendants argue that they were denied a fair trial because Brooks failed to disclose her relationship with the Morse law firm, and that relationship justified her dismissal for cause under MCR 2.511(D)(9), which provides, in pertinent part:

**(D) Challenges for Cause.** The parties may challenge jurors for cause, and the court shall rule on each challenge. A juror challenged for cause may be directed to answer questions pertinent to the inquiry. It is grounds for a challenge for cause that the person:

(9) is the guardian, conservator, ward, landlord, tenant, employer, employee, partner, or client of a party or attorney;

Defendants contend that prejudice can be presumed when a juror who should have been excused for cause under MCR 2.511(D)(9) was allowed to remain on the jury.

"There is no question that a litigant is entitled to a truthful answer from a prospective juror during his voir dire examination." *Citizens Commercial & Savings Bank v Engberg*, 15 Mich App 438, 439-440; 166 NW2d 661 (1968). "A moving party must present actual proof of prejudice on the part of that juror or establish that the moving party would have challenged for cause or otherwise dismissed the juror in question had the truth been revealed prior to trial." *Hunt v CHAD Enterprises, Inc*, 183 Mich App 59, 64; 454 NW2d 188 (1990). "A person sitting on a jury panel is presumed to be qualified and competent to serve, and the burden is on the challenging party to make out a prima facie case to the contrary." *Id.* "It is well settled that

misconduct on the part of a juror will not automatically warrant a new trial." *People v Strand*, 213 Mich App 100, 103; 539 NW2d 739 (1995). "A new trial will not be granted for misconduct unless it affects the impartiality of the jury." *Id*. Accordingly, defendants must demonstrate that Brooks engaged in misconduct and that her misconduct impaired the impartiality of the jury. With respect to proving impairment of impartiality, defendants must demonstrate that Brooks would have been dismissed for cause or prove actual prejudice.

Defendants argue that the trial court clearly erred in finding that Brooks's failure to disclose her relationship with the Morse law firm was not deliberate misconduct. They contend that her posttrial explanation for her failure to disclose the relationship was not credible. The trial court observed that Brooks's involvement with the Morse law firm ended before the trial, and that Brooks had no involvement with plaintiff's trial counsel. The trial court gave credence to Brooks's statements that she could be a fair and impartial juror, and that she did not discuss her accident claim or the Morse law firm with other members of the jury. We defer to the trial court's determination of the credibility of Brook's explanation. *Sinicropi*, 273 Mich App at 155.

We also disagree with defendants' argument that Brooks's prior relationship with the Morse law firm was a circumstance mandating her dismissal for cause under MCR 2.511(D)(9). Defendants rely on a case that addressed the predecessor rule to MCR 2.511(D), GCR 1963 511.4(13), which provided that grounds for challenges for cause include "that the person is interested in a question like the issue to be tried." In *McNabb v Green Real Estate Co*, 62 Mich App 500; 233 NW2d 811 (1975), the plaintiff slipped and fell on a stairway. He brought a premises liability action against the defendant owner. *Id*. at 503. During voir dire, a prospective juror, Mr. Seymour, stated that his wife had recently slipped and fell on the first step of the entrance to their apartment building. The wife had contacted an attorney regarding a possible lawsuit against the owner. *Id*. at 504. The defendant challenged Seymour for cause, but the trial court refused to dismiss Seymour. The defendant had exhausted its peremptory challenges before attempting to exclude Seymour. Seymour served as the jury foreman. *Id*. The defendant argued on appeal that the trial court erred in refusing to dismiss the juror. He argued in the alternative that "because the facts placed the challenged juror under GCR 1963, 511.4(13), the trial court had no discretion to retain him and, even if the court had discretion, failure to excuse the juror was an abuse of discretion." *Id*. This Court rejected the plaintiff's argument that the defendant was required "to make an actual showing of bias or prejudice," noting that "a demonstration of actual prejudice is a virtual impossibility." *Id*. at 506. This Court held that "Rule 511.4 requires a court to excuse a juror whenever a challenge for cause clearly falls within one of the grounds enunciated in subparagraphs (4)–(13). Such a showing is equivalent to a showing of bias or prejudice at common law." *McNabb*, 62 Mich App at 506-507. MCR 2.511(D)(3)–(12) are the equivalent provisions of former GCR 1963 511.4(4)–(13). In *McNabb*, this Court quoted the committee comments to former GCR 1963 511.4:

> The committee stated that the purpose of enumerating the grounds for challenges for cause were:
>
> "(1) to verify that unqualified jurors may be challenged; (2) to verify that biased jurors may be challenged; and, most important, (3) to indicate that the presence of some of the more common facts from which bias should be inferred Will result in

the juror's being excused upon challenge." (Emphasis supplied.) 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed.), p. 461.

The words "will result" make it mandatory that the court excuse a juror who falls under one of the enumerated grounds for challenge. [*McNabb*, 62 Mich App at 507.]

In *McNabb*, this Court concluded that "the challenged juror's voir dire testimony placed him clearly within the proscription of GCR 1963 511.4(13) and, as a matter of law, he should have been excused." *Id*. at 507. Although *McNabb* supports defendants' argument that a juror who falls within the scope of MCR 2.511(D)(9) is subject to mandatory dismissal for cause, we disagree that MCR 2.511(D)(9) applied to Brooks.

In *Brownell v Brown*, 114 Mich App 760; 319 NW2d 664 (1982), a prospective juror, Schrauben, stated during voir dire that she and her husband were clients and social acquaintances of an attorney who was a partner in the same law firm of which the defendants' attorney was a member. The plaintiff's attorney challenged Schrauben for cause, but the trial court denied the challenge on the ground that Schrauben "had answered that her relationship as a client of defense counsel's law firm and as a personal friend of one of the partners in that firm would not affect her ability to sit as a fair and impartial juror." *Id*. at 755. The plaintiff used his last remaining peremptory challenge to excuse Schrauben. *Id*. at 765. The plaintiff argued on appeal that the trial court did not have discretion to deny his challenge for cause because Schrauben "fell within the ambit of GCR 1963, 511.4(10)."[1] *Id*. at 766. This Court expressed agreement with the holding in *McNabb*, 62 Mich App at 505, "that where the challenged juror is properly within the ambit of GCR 1963, 511.4(10), the trial court has no discretion and the challenged juror must be dismissed because bias is presumed, as it would be if a showing of actual bias had been made at common law." *Brownell*, 114 Mich App at 766. However, this Court concluded that Schrauben did not fall within GCR 1963, 511.4(10) because she "was not a client or friend of the defendants' trial counsel" and "there was no evidence that Mrs. Schrauben answered untruthfully when questioned about any bias that she might have had." *Id*. at 766-767. Therefore, the trial judge had discretion to deny the plaintiffs' challenge for cause. *Id*. at 767.

*Brownell* is distinguishable from this case insofar that the juror in that case, Schrauben, did not fail to disclose information concerning her relationship with the associate of the defendants' trial counsel. However, *Brownell* is instructive because defendants' argument that Brooks was automatically disqualified rests on the premise that Brooks's relationship with a different attorney from the Morse firm constituted cause to disqualify her under MCR 2.511(D)(9). *Hunt*, 183 Mich App at 64. This Court's holding that GCR 1963 511.4(10) did not extend to persons who are clients of other attorneys in a party's attorney's law firm supports the conclusion that MCR 2.511(D)(9), which contains the same language as former GCR 1963

---

[1] Similar to MCR 2.511(D)(9), GCR 1963 511.4(10) provided that a juror should be dismissed for cause if the juror was "the guardian, ward, landlord, tenant, employer, employee, partner, client, or member of the family of a party or attorney[.]"

511.4(10), likewise does not apply to Brooks, who was represented by a different attorney in the Morse law firm and did not know plaintiff's attorneys from that firm.

Defendants argue, however, that the scope of MCR 2.511(D)(9) was expanded by MCR 2.117(B), which does not have a counterpart rule in the former General Court Rules. MCR 2.117(B)(3)(b) provides:

> The appearance of an attorney is deemed to be the appearance of every member of the law firm. Any attorney in the firm may be required by the court to conduct a court ordered conference or trial.

We have not found any caselaw addressing the effect of MCR 2.117(B)(3)(b) in the context of determining whether a juror may be deemed a client of a party's attorney, where the juror and party were represented by different attorneys from the same firm. We are not persuaded that MCR 2.117(B)(3)(b) expands the scope of MCR 2.511(D)(9). The same legal principles that govern the construction and application of a statute also apply to the construction of a court rule. *Marketos v American Employers Ins Co*, 465 Mich 407, 413; 633 NW2d 371 (2001). "Statutes that relate to the same subject or that share a common purpose are *in pari materia* and must be read together as one law, even if they contain no reference to one another and were enacted on different dates." *Walters v Leech*, 279 Mich App 707, 709-710; 761 NW2d 143 (2008). "The object of the *in pari materia* rule is to effectuate the legislative purpose as found in harmonious statutes." *In re Project Cost & Special Assessment Roll for Chappel Dam*, 282 Mich App 142, 148; 762 NW2d 192 (2009).

MCR 2.117 governs appearances by parties and attorneys in civil proceedings. The ostensible purpose of MCR 2.117(B)(3)(b) is to avoid the need for different members of the same firm to make separate formal appearances. MCR 2.511 governs impaneling of the jury. The apparent purpose of MCR 2.511(D)(9) is to ensure the impartiality of a jury by disqualifying a juror who may be biased in favor of a party because the juror and the party are represented by the same attorney. The Supreme Court could have, but did not, include language in MCR 2.511(D)(9) that an "attorney" within the meaning of that rule includes any member of that attorney's firm.

Accordingly, we are persuaded that the *Brownell* interpretation of GCR 1963 511.4(10) applies to MCR 2.511(D)(9). Consequently, if Brooks had disclosed her status as a client or former client of a different attorney in the Morse firm, the trial court would not have been required to excuse her for cause.

Plaintiff argues that this case is similar to *People v Johnson*, 245 Mich App 243; 631 NW2d 1 (2001). In that case, the defendant was convicted of kidnapping, MCL 750.349, and domestic violence, MCL 750.81. *Id*. at 245. The defendant argued on appeal that he was denied a fair trial because a juror allegedly concealed her history as a victim of domestic violence. When asked if she had previously been a victim of a crime, she replied, "I have been assaulted." When asked if she had ever been threatened with a weapon, "she admitted that someone had hit her on the head with a gun when she was a teenager." *Id*. at 253. However, the juror did not disclose that "she had made allegations of domestic violence against her husband in the past." *Id*. This Court held that the trial court did not err in denying the defendant's motion for a new

-6-

trial based on juror misconduct. The lead opinion concluded that the juror did not conceal information and truthfully answered the trial court's questions. *Id.* at 252-253. This Court concluded that "the juror's history as a victim of domestic violence was there for defense counsel to discover through further questioning" and also stated that "the juror's promise to keep the matters of her personal life separate from defendant's case was sufficient to protect defendant's right to a fair trial." *Id*. at 253, 256.

*Johnson* is distinguishable from the instant case because defendants requested, but were not granted, the opportunity to ask Brooks further questions. However, *Johnson* is significant in two respects. First, this Court did not conclude that the juror's failure to disclose information that was relevant, but not specifically requested, constituted misconduct. Although the trial court in this case stated that plaintiff's attorneys were from the Morse firm, it asked the pool of prospective jurors if they knew "the parties in the case or any of the people" and then asked, "Does anyone recognize any of the parties that you have been introduced, *any of the lawyers*, or any of the names that I just called?" (Emphasis added.) The court did not specify that its inquiry regarding the lawyers who had been introduced included other unnamed lawyers from the same firm as plaintiff's named attorneys. Second, the lead opinion in *Johnson* regarded the juror's agreement to keep her "personal life separate from the defendant's case" a sufficient safeguard to protect the defendant's right to an impartial jury. These conclusions support the legal reasoning underlying the trial court's findings that Brooks did not engage in deliberate misconduct because she was no longer a client of the Morse firm, and she did not knowingly withhold information requested in voir dire.

Defendants also argue that the language of MCR 2.511(D)(9) does not distinguish between current and former clients. The rule states that it is grounds for a challenge for cause that the person "*is* the . . . client of a party or attorney." "Plain statutory language must be enforced as written." *City of Holland v Consumers Energy Co*, 308 Mich App 675, 684; 866 NW2d 871 (2015), aff'd 500 Mich 158 (2017) (emphasis added). "This includes, without reservation, the Legislature's choice of tense." *Id*. Therefore, the Supreme Court's choice of the present tense "is" must be construed as applying only to a juror who is presently a client of an attorney.

For these reasons, we conclude that Brooks's failure to disclose during voir dire that she was a former client of another attorney from the same law firm as plaintiff's attorneys did not constitute misconduct and that this relationship did not constitute grounds for mandatory disqualification under MCR 2.511(D)(9).

## B.. IRREGULARITY IN PROCEEDINGS

Defendants also argue that the trial court's refusal to allow them to further question Brooks during voir dire about her accident and legal claim justifies a new trial under MCR 2.611(A)(1)(a), based on an "[i]rregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial."

Defendants rely on *Leslie v Allen-Bradley Co, Inc*, 203 Mich App 490, 493; 513 NW2d 179 (1994), in support of their argument that they do not have to prove prejudice arising from an irregularity in the proceedings under MCR 2.611(A)(1)(a). In *Leslie,* this Court held that the trial

court erred in counting a party's passes on exercising peremptory challenges, as uses of peremptory challenges, contrary to MCR 2.511(E)(3)(b). This Court stated:

> Our Supreme Court has stated: "A defendant is entitled to have the jury selected as provided by the rule." *People v Miller*, 411 Mich 321, 326; 307 NW2d 335 (1981). Furthermore, a party need not demonstrate prejudice arising from a claim of defective jury selection, since the requirement would impose an impossible burden. *Id*. [*Leslie*, 203 Mich App at 493-494.]

The defect in *Leslie* involved a violation of MCR 2.511(E)(3)(b), which provides that "[a] 'pass' is not counted as a challenge but is a waiver of further challenge to the panel as constituted at that time." In the instant case, defendants argue that the trial court's voir dire procedure was defective. "The trial court has discretion in both the scope and the conduct of voir dire." *People v Tyburski*, 445 Mich 606, 619; 518 NW2d 441 (1994); MCR 6.412(C). What constitutes acceptable and unacceptable voir dire practice "does not lend itself to hard and fast rules." *Id.* Rather, trial courts must be allowed "wide discretion in the *manner* they employ to achieve the goal of an impartial jury." *Id.* at 623 (emphasis in original). In contrast, MCR 2.511(E)(3)(b) is a "hard and fast rule."

Defendants argue that the trial court's voir dire procedure was defective because they were never given the opportunity to question Brooks about her automobile accident and legal representation. MCR 2.511(C) provides:

> The court may conduct the examination of prospective jurors or may permit the attorneys to do so. When the court finds that a person in attendance at court as a juror is not qualified to serve as a juror, the court shall discharge him or her from further attendance and service as a juror.

"The function of voir dire is to elicit sufficient information from prospective jurors to enable the trial court and counsel to determine who should be disqualified from service on the basis of an inability to render decisions impartially." *People v Sawyer*, 215 Mich App 183, 186; 545 NW2d 6 (1996). "However a court does not have discretion to simply fail to elicit enough information during voir dire to make an intelligent assessment of bias." *Tyburski*, 445 Mich at 623. "[W]here the trial court, rather than the attorneys, conducts voir dire, the court abuses its discretion if it does not adequately question jurors regarding potential bias so that challenges for cause, or even peremptory challenges, can be intelligently exercised." *Id*. at 619.

The trial court stated in its opinion and order denying defendants' motion for a new trial that "the parties were furnished with a specific opportunity to ask questions during the voir dire before Brooks was called to sit in the jury box." The court further stated that "[d]efense counsel had the chance at that point to inquire of the venire whether anyone had a previous lawsuit or any dealings with the Morse law firm." Defendants argue that these statements are factually incorrect, because the attorneys' only opportunity to ask questions came while the eight originally chosen individuals were seated. We agree. The trial court did not allow the attorneys to question members of the jury pool before the first eight individuals were selected. After eight jurors were selected from the pool, the juror in the first seat was excused, Brooks took her place, and the attorneys had no further opportunity to question the jurors. Defendants asked the trial

court for an opportunity to question Brooks individually about her automobile accident and legal claim, but the trial court denied the request. We conclude that the trial court abused its discretion because it was not reasonable to deny defendants the opportunity to acquire additional information about Brooks's automobile accident and the ensuing legal claim to determine her ability to render an impartial decision. Her disclosure that she had been involved in an automobile accident and had filed a claim with a law firm raised questions about her ability to serve as an impartial juror in this automobile injury case and was pertinent to defendants' ability to make informed choices about challenges for cause and peremptory challenges. *Tyburski*, 445 Mich at 623; *Rental Props Owners Ass'n*, 308 Mich App at 351.

We agree with plaintiff, however, that defendants are not entitled to relief because they could have exercised a peremptory challenge to exclude her. "Generally, a party's claim that the jury selection process was defective is not preserved if the party fails to use all available peremptory challenges." *Leslie*, 203 Mich App at 492. In *People v Lee*, 212 Mich App 228, 248; 537 NW2d 233 (1995), this Court held that "[a] four-part test is used to determine whether an error in refusing a challenge for cause merits reversal." The Court explained:

> There must be a clear and independent showing on the record that (1) the court improperly denied a challenge for cause, (2) the aggrieved party exhausted all peremptory challenges, (3) the party demonstrated the desire to excuse another subsequently summoned juror, and (4) the juror whom the party wished later to excuse was objectionable. [*Lee*, 212 Mich App at 248-249.]

Defendants had one remaining peremptory challenge when voir dire was complete and the jury was empaneled. Accordingly, the second requirement was not satisfied. Defendants argue that the additional information that Brooks's attorney was from the Morse law firm would have made a "tremendous" difference in the decision to exercise a peremptory challenge. We are not persuaded by this argument because defendants were sufficiently concerned about Brooks's legal claim to contemplate challenging her for cause despite not knowing her law firm. Defendants wanted to question Brooks further. The trial court's denial of this request left defendants without information they considered important. Still, without this information, they did not use a peremptory challenge. Accordingly, defendants fail to demonstrate error warranting a new trial.

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen