PEOPLE v JONES

Docket No. 69718. Argued December 6, 1983 (Calendar No. 6).—Decided December 3, 1984.

Arthur W. Jones was convicted by a jury in the Recorder's Court of Detroit, Donald L. Hobson, J., of second-degree murder and possession of a firearm during the commission of a felony. The Court of Appeals, D. C. Riley, P.J., and Cynar, J. (Gage, J., concurring in part and dissenting in part), reversed on the ground that because the court instructed the jury on voluntary manslaughter, it was required to instruct also on involuntary manslaughter (Docket No. 51792). The people appeal.

In an opinion by Justice Kavanagh, joined by Chief Justice Williams and Justices Levin and Cavanagh, the Supreme Court *held*:

The trial court, having undertaken *sua sponte* to instruct the jury on voluntary manslaughter, was required to instruct also on involuntary manslaughter in the circumstances of this case. The instruction, which recognized only the people's theory of the case and not the defendant's, did not fully and fairly present the case to the jury in an understandable manner. Evidence that the shooting was accidental was properly before the jury, and no evidence appears in the record that would support the conclusion that the killing was done under circumstances of passion or provocation that would support a verdict of voluntary manslaughter.

Affirmed.

Justice Boyle, joined by Justices Ryan and Brickley, dissenting, stated that because the defendant neither requested an instruction on involuntary manslaughter nor objected to the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Homicide § 525 *et seq.*

Accused's right in homicide case, to have jury instructed as to both unintentional shooting and self-defense. 15 ALR4th 983.

Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lesser offense. 15 ALR4th 118.

[2] 5 Am Jur 2d, Appeal and Error § 623.

40 Am Jur 2d, Homicide § 561.

instructions given he forfeited any claim of error relating to failure to instruct on involuntary manslaughter. To permit reversal for such failure approves the tactic of omitting requests for instruction on lesser offenses supportable by the evidence in an attempt to seek outright acquittal and, having failed to obtain an acquittal by the jury, arguing on appeal that failure to present the jury with a fuller range of conviction options was error requiring reversal. The effect would be to superimpose the trial court's view of the case upon defense counsel's trial strategy and to afford an unwarranted advantage to criminal defendants not required by criminal procedure.

115 Mich App 543; 321 NW2d 723 (1982) affirmed.

OPINION OF THE COURT

1. HOMICIDE — JURY INSTRUCTIONS — VOLUNTARY MANSLAUGHTER — INVOLUNTARY MANSLAUGHTER.

A trial court, having undertaken *sua sponte* to instruct the jury on voluntary manslaughter, was required to instruct also on involuntary manslaughter where some evidence that the homicide was accidental was properly before the jury and no evidence was offered that would support the conclusion that it was done under circumstances of passion or provocation that would support a verdict of voluntary manslaughter.

DISSENTING OPINION BY BOYLE, J.

2. HOMICIDE — JURY INSTRUCTIONS — VOLUNTARY MANSLAUGHTER — INVOLUNTARY MANSLAUGHTER.

*Failure by a defendant to request an instruction on involuntary manslaughter and to object to instructions on murder and voluntary manslaughter as given by the trial court forfeited any claim of error relating to failure to instruct on involuntary manslaughter; to require reversal on such ground would approve the tactic of omitting requests for instruction on lesser offenses supportable by the evidence in an attempt to seek outright acquittal and, having failed to obtain an acquittal by the jury, arguing on appeal that failure to present the jury with a fuller range of conviction options was error requiring reversal and would superimpose the trial court's view of the case upon defense counsel's trial strategy and afford an unwarranted advantage to criminal defendants not required by criminal procedure.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari K. Grove)* for the defendant.

KAVANAGH, J. Defendant was charged with first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), in the fatal shooting of William Stanford. The jury returned a verdict of guilty of second-degree murder, MCL 750.317; MSA 28.549, and of felony-firearm.

The Court of Appeals reversed, *People v Jones,* 115 Mich App 543; 321 NW2d 723 (1982), holding that the trial judge had erred in failing to instruct the jury on involuntary manslaughter and that reversal was required.

We affirm.

In this case, as in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), we are satisfied that the instructions did not fully and fairly present the case to the jury in an understandable manner.

The prosecutor would distinguish this case from *Ora Jones* on the basis that the theory of the defense in that case was accident whereas here the defendant did not claim accident.

It is true that in *Ora Jones* the defendant testified that the gun accidentally discharged when his arm was jostled, whereas the defendant in this case produced no witnesses. We do not think such fact or a fair reading of the testimony which was adduced establishes the prosecutor's assertion that the defendant did not claim accident.

Perhaps the most persuasive evidence that defendant did this shooting at all was the testimony

of his girlfriend that in telling her about the shooting, "He just kept mumbling, 'It was an accident. God knows, it was an accident. It just went off' ".

This evidence was offered and admitted as a party admission and is accordingly some evidence that the shooting was unintentional.

In his closing argument the prosecutor observed: "In raising the whole spectrum of accident, brother counsel wants to give the police so much credit on the one hand".

Although defense counsel argued for an all-or-nothing verdict on the first-degree murder charge instead of arguing for accidental discharge of the weapon, the question of accident was properly within the jury's contemplation.

The record in this case does not contain any written requests for instructions, and the transcript does not show that any oral requests were made. The judge's instruction *sua sponte* on manslaughter is inexplicable. We found no evidence in the record which would support a conclusion that the killing was done in such circumstances of passion or provocation as would support a verdict of voluntary manslaughter.

We are satisfied that the Court of Appeals was correct in ordering a new trial for the reason we stated in *Ora Jones,* p 393:

"The prosecutor claimed intentional shooting, the defendant maintained it was accidental. The jury was not obliged to accept either theory but could have concluded that the killing was the result of criminal negligence, *e.g.,* involuntary manslaughter. Had the judge not instructed at all on manslaughter, there would be no reversible error, because no request for instruction on manslaughter was made. See *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975).

"Having undertaken to do so, however, it was reversible error to give a misleading instruction which recognized only the prosecution's theory but not the defendant's."

Affirmed.

WILLIAMS, C.J., and LEVIN and CAVANAGH, JJ., concurred with KAVANAGH, J.

BOYLE, J. *(dissenting)*. I agree with Chief Justice COLEMAN that "substantial reasons in the statutes, in the court rules, in the case law and in common sense" preclude consideration by this Court of issues not preserved in the trial court. *People v Ora Jones,* 395 Mich 379, 402; 236 NW2d 461 (1975) (COLEMAN, J., *dissenting).* Defendant neither requested an instruction on involuntary manslaughter nor objected to the instructions as given, thereby forfeiting any claim of error relating to the failure to so instruct. To permit reversal under these circumstances approves a truly novel trial tactic: (1) seeking outright acquittal, defense counsel can omit any requests to instruct on lesser offenses supportable by the evidence; (2) having failed to obtain a jury acquittal, defendant can then successfully argue on appeal that the failure to present the jury with a fuller range of conviction options was error requiring reversal. The effect is both to superimpose the trial court's view of the case upon defense counsel's trial strategy, and to afford an unwarranted advantage to criminal defendants which, by any standard of fairness, is not required by our criminal justice process.

I would reverse the judgment of the Court of Appeals and reinstate defendant's conviction.

RYAN and BRICKLEY, JJ., concurred with BOYLE, J.