# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EDWARDIAN DION DAVIDSON,

        Defendant-Appellant.

UNPUBLISHED
January 8, 2019

No. 336176
Macomb Circuit Court
LC No. 2016-000684-FC

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Defendant, Edwardian Dion Davidson, appeals by right his convictions following a jury trial of first-degree felony murder, MCL 750.316(1)(b), first-degree home invasion, MCL 750.110a(2), two counts of unarmed robbery, MCL 750.530, and one count of theft of a financial transaction device, MCL 750.157n(1). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to life in prison without parole for the first-degree felony murder conviction. In addition, the trial court sentenced defendant to terms of imprisonment of 26 to 50 years for the first-degree home invasion conviction, 26 to 50 years for each of the two unarmed robbery convictions, and 5 to 15 years for the theft of a financial transaction device conviction. The sole issue on appeal is whether the failure of defendant's trial attorney to request a jury instruction on involuntary manslaughter constituted constitutionally ineffective assistance of counsel. We conclude that it did not.

Defendant's convictions arise out of an unarmed robbery that took place at a condominium in Sterling Heights, Michigan, in November 2015. The 89-year-old victim and his 84-year-old wife had just returned home from an outing and pulled into the garage attached to their condominium. The victim exited the passenger seat and closed the car door. While his wife, who used a cane, was exiting the driver's seat, defendant approached the victim and punched him in the face, causing him to fall to the ground and strike his head. Hearing the noise, the victim's wife turned toward the open garage door and saw defendant walking around the back of the car. She yelled at defendant to get out of her garage, but he did not respond. Defendant grabbed the purse on her shoulder and, after a brief struggle, took it and ran away. The victim sustained a fractured jaw, a fracture to the orbital bone around his eyes, a fracture at the back of his skull, severe swelling and bruising over his left eye, swelling and bruising on his cheeks, and a broken ankle. He remained unconscious and died of his injuries in the hospital eight days after the robbery.

The record shows that defense counsel requested a manslaughter instruction during defendant's trial.[1] It appears that he may have had involuntary manslaughter in mind, as defense counsel argued that there was no evidence that defendant had used a weapon or had intended to cause the decedent's death, and that the decedent may have died from hitting his head on the garage floor. The prosecution opposed giving an instruction on voluntary manslaughter due to the lack of evidence that defendant "acted out of passion or anger brought about by adequate cause," and opposed giving the instruction on involuntary manslaughter because he saw no indication that defendant's negligence caused the victim's death. The trial court asked for a copy of the requested instruction, but defense counsel did not have one. Saying that he had one, the prosecutor handed the trial judge a copy of M Crim JI 16.9, regarding voluntary manslaughter, but apparently not one for involuntary manslaughter, M Crim JI 16.10. After reading the proffered instruction into the record, the trial court concluded that the record facts did not support giving the instruction because there was no evidence to support a finding that emotional excitement caused defendant to act from passion instead of judgment or that he acted before he had a chance to calm down. Defendant's counsel gave no indication that this was not the instruction he had requested.

Defendant contends on appeal that the evidence presented at trial supported a jury instruction on involuntary manslaughter, and he argues that his trial attorney rendered constitutionally ineffective assistance with regard to the request. Defendant did not preserve his claim of ineffective assistance of counsel by filing a motion in the trial court for a new trial or a *Ginther*,[2] hearing, or a motion in this Court to remand the matter to the trial court for a *Ginther* hearing. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Our review of unpreserved claims of ineffective assistance of counsel is "limited to mistakes apparent on the record." *Id*. We review the trial court's findings of fact for clear error and questions of constitutional law de novo. *People v Dixon-Bey*, 321 Mich App 490, 515; 909 NW2d 458 (2017).

To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defense counsel is presumed to be effective, *People v Frazier*, 478 Mich 231, 243; 733

---

[1] Manslaughter, which is murder without malice, is a necessarily included lesser offense of murder. *People v Mendoza*, 468 Mich 527, 533-534; 664 NW2d 685 (2003) "The common law recognizes two forms of manslaughter: voluntary and involuntary." *Id*. "A defendant properly convicted of voluntary manslaughter is a person who acted out of a temporary excitement induced by an adequate provocation and not from the deliberation and reflection that marks the crime of murder." *People v Townes*, 391 Mich 578, 590; 218 NW2d 136 (1974). Involuntary manslaughter is a catch-all crime that encompasses all homicides that do not constitute murder, voluntary manslaughter, or a justified or excused homicide." *People v Head*, 323 Mich App 526, 532; 917 NW2d 752 (2018).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

NW2d 713 (2007), and "defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy," *People v Riley*, 468 Mich 135, 140; 659 NW2d 611 (2003).

"[W]hen a defendant is charged with murder, an instruction for voluntary and involuntary manslaughter must be given if supported by a rational view of the evidence. *People v Mendoza*, 468 Mich 527, 541; 664 NW2d 685 (2003). In other words, for defendant to be entitled to an involuntary manslaughter instruction, there must be some evidence in the record to support such instruction. *People v Heflin*, 434 Mich 482, 501-503; 456 NW2d 10 (1990), citing *People v Arthur Jones*, 419 Mich 577, 579-580; 358 NW2d 837 (1984) (defendant's girlfriend testified that after the shooting, defendant "just kept mumbling, 'It was an accident. God knows, it was an accident. It just went off.' "); *People v West*, 408 Mich 332, 343; 291 NW2d 48 (1980) (testimony from defendant that he intentionally aimed shot gun at victim but that its discharge was accidental supported involuntary manslaughter instruction on retrial if requested).

The record evidence does not support defendant's claim that he was entitled to an instruction on involuntary manslaughter. Defendant's theory of defense was that he could not have committed the charged crimes because he was elsewhere at the time. Prosecution witness Adriann Pypkowski testified that she spoke to defendant by cell phone on the date of the incident, and although she did not know where he was when they spoke, she knew he had gone to Flint that day. Defendant bolstered that alibi with four witnesses of his own, all of whom testified that he went to Flint on the day of the charged crimes. Defendant argues in his brief to this Court that involuntary manslaughter was the "backup defense," but does not cite to any evidence in the record that would support giving an instruction on involuntary manslaughter. Absent any evidence in the record to support an involuntary manslaughter instruction, defendant's claim that he was entitled to such instruction and that his trial counsel rendered ineffective assistance by failing adequately to request one must fail. *Heflin*, 434 Mich at 501-503.

Equally unavailing is defendant's contention that an instruction on involuntary manslaughter was warranted because there was no evidence that he acted with malice when he punched the victim. Malice is "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *People v Bergman*, 312 Mich App 471, 487; 879 NW2d 278 (2015). "A jury may infer malice from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm." *People v Carines*, 460 Mich 750, 759; 597 NW2d 130 (1999).

The evidence showed that defendant punched the victim with such force that he fractured the victim's jaw and orbital bone and caused him to fall and strike his head on the garage floor, fracturing his skull. In addition, it was posited at trial that defendant may have kicked the victim or stepped on his leg and shattered the victim's ankle while attempting to move around the car toward the victim's wife. A rational trier of fact could infer from the brutality of defendant's actions that he intended to cause great bodily harm, or at the very least, acted in wanton and willful disregard that such harm would result from his actions. See *Bergman*, 312 Mich App at 487.

Even if a rational view of the evidence would have supported instructing the jury regarding involuntary manslaughter, defendant still cannot overcome the presumption that defense counsel's decision not to pursue a jury instruction on involuntary manslaughter was sound trial strategy. Defense counsel's trial strategy did not focus on whether defendant acted with malice when he injured the victim. Instead, defense counsel argued that defendant was not properly identified as the perpetrator of the crime, and he provided several alibi witnesses to support this contention. Decisions regarding which jury instructions to request are generally considered part of trial strategy, and this Court will not second-guess defense counsel's trial strategy "with the benefit of hindsight." *People v Dunigan*, 299 Mich App 579, 584, 590; 831 NW2d 243 (2013). Although it is clear that defense counsel's mistaken-identity argument amounted to an "all-or-nothing" defense, the decision to proceed with an all-or-nothing defense is a legitimate trial strategy. *People v Bennett*, 290 Mich App 465, 499; 802 NW2d 627 (2010). "The fact that defense counsel's strategy was unsuccessful does not render him ineffective." *People v Solloway*, 316 Mich App 174, 190; 891 NW2d 255 (2016).

Furthermore, defendant cannot properly demonstrate that he was prejudiced by defense counsel's failure to pursue a jury instruction on involuntary manslaughter. The jury was given instructions on first-degree felony murder and the lesser included offense of second-degree murder. See *People v Carter*, 395 Mich 434, 438-439; 236 NW2d 500 (1975) (indicating that second-degree murder is a lesser included offense of first-degree felony murder). Although the jury was presented with the option of convicting defendant of second-degree murder, it chose to convict him of first-degree felony murder instead. Because the jury rejected the opportunity to convict defendant of the lesser included offense of second-degree murder, it is unlikely that it would have chosen to convict him of involuntary manslaughter. See *People v Raper*, 222 Mich App 475, 483; 563 NW2d 709 (1997) ("The jury's rejection of second-degree murder in favor of first-degree murder reflect[s] an unwillingness to convict on a lesser included offense such as manslaughter."). Thus, defendant is unable to show that there is a reasonable probability that, if not for defense counsel's failure to request the jury instruction on involuntary manslaughter, the jury would have convicted him of the lesser offense of involuntary manslaughter instead of first-degree felony murder. Therefore, defendant was not prejudiced by defense counsel's failure to request a jury instruction on involuntary manslaughter.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering